J-S32005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALEX MARTIN PIMPINELLA, | |
| Appellant | No. 842 WDA 2014 |

Appeal from the Judgment of Sentence April 22, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0019374-2009

BEFORE: SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 08, 2015**

Appellant, Alex Martin Pimpinella, appeals from the judgment of sentence imposed following the revocation of his probation. We affirm.

On February 22, 2010, Appellant was charged with one count each of statutory sexual assault; criminal solicitation-statutory sexual assault; unlawful contact with a minor; endangering the welfare of children; corruption of minors; indecent exposure; indecent assault-person less than 16 years of age; and criminal use of a communication facility. He pled guilty to the first seven counts of the information pursuant to a negotiated plea on July 6, 2010; the last count, criminal use of a communication facility, was withdrawn.

At the guilty plea colloquy, Appellant waived the Commonwealth's summary of the facts it would have proven at a trial and stipulated to the

facts as they were set forth in the Affidavit of Probable Cause.  N.T., 7/6/10, at 7.  Thus, the factual basis for the plea is as follows:

Your affiants are Detectives with the Allegheny County Police Department.  On October 10, 2009, we received a request from the Green Tree Police Department to assist in the investigation of a child sexual assault.  On that date, your affiants interviewed the victim, a 13 year old white female, whose name and identity are known to your affiants.  For the purposes of this affidavit, she shall be referred to as Jane Doe.

Jane Doe told your affiants that on September 28, 2009, she was logged into Myspace.com under her identification: "*Miss Unappreciated*</3" when she received a message from a user named "DJ Krave."  Doe communicated with DJ Krave and learned that he lived in the Pittsburgh area.  On September 28, 2009 Doe sent DJ Krave a message via Myspace.com, in which she stated that she was 13 years old.  DJ Krave and Doe made arrangements for him to pick Doe up at the end of her street . . . .

Doe told these affiants that at 2:00 AM on September 29, 2009, she did meet with a white male approximately 22 years old, with brown hair and blue eyes.  Doe stated that "Dave" picked her up in an "older Ford Taurus, station wagon type car, possibly blue in color".  The man told Doe that his first name was "Dave."  During the interview with your affiants, Doe was logged into her myspace.com account and brought up her communications with "DJ Krave."  Doe indicated that the man she met with matched the pictures attached to the Myspace.com identity of "DJ Krave."  Doe also stated that "Dave" had a large scar on the right side of his neck.

Doe disclosed that Dave drove her to his home near the Squirrel Hill Tunnels.  Doe further described how she went into Dave's home, which he shared with his parents.  Dave led Doe to his bedroom in the basement of his house and took her clothes off.  After taking off his own clothes as well, Dave inserted his penis into Doe's vagina and proceeded to have intercourse with Doe.  Doe said that afterwards, she continued to communicate with Dave through Myspace.com and they discussed the possibility of meeting again, as well as the possibility that she might be pregnant.

Doe told your affiants that she does not know Dave's last name or the specific location of the home they took her to[], other than he possibly lives on Blueberry Rd. To assist in the identification of "Dave"/"DJ Krave," your affiants obtained a search warrant on October 12, 2009 to recover the subscriber information associated with "DJ Krave's" Myspace.com account. On October 26, 2009, your affiants received information from Myspace.com that showed the IP address . . . and email account . . . [that] were used to create the Myspace.com "DJ Krave"/Friend ID . . . on November 20, 2006.

On 11-11-09 a Forensic Interview of Jane Doe (13 year old female) was conducted at Children's Hospital Child Advocacy Center. During this interview Doe made the disclosure that "Dave" picked her up at her residence, took Doe to his residence, and sexual intercourse did take place between "Dave" and Doe. Doe also stated that she thinks that the road that "Dave" lives on is "Blueberry something." Through further investigation, "Dave" has been positively identified as Alex Martin Pimpinella . . . .

Complaint, Affidavit of Probable Cause, 12/2/09 (docket item 1). The trial court sentenced Appellant to three separate terms of three years of probation for statutory sexual assault, criminal solicitation, and unlawful contact with a minor, to be served consecutively, for an aggregate sentence of nine years of probation. N.T. (Plea and Sentencing), 7/6/10, at 11–12.

During the term of his probation, Appellant was convicted of 1) indecent assault in February of 2013 and was sentenced to three to six months of imprisonment; and 2) possession of child pornography in February of 2013 and was sentenced to one to three years of incarceration. Presentence Report, 3/11/14, at 7–8. Appellant further violated his probation by leaving Pennsylvania without permission, and he exhibited

defiance during sex offender treatment. N.T. (Probation Violation Hearing), 4/22/14, at 2–3.

Due to the new criminal convictions and technical violations, Appellant appeared before the trial court on April 22, 2014, for a probation violation hearing. The trial court revoked Appellant's probation and imposed a sentence of incarceration as follows: two to six years of imprisonment for statutory sexual assault, to be served consecutively to the sentence imposed for possession of child pornography, followed by two consecutive three-year terms of probation for criminal solicitation and unlawful contact with a minor, for a total aggregate sentence of two to six years of imprisonment followed by six years of probation. N.T., 4/22/14, at 11–12.

Appellant filed a timely notice of appeal on May 22, 2014. On June 4, 2014, the trial court directed Appellant's compliance with Pa.R.A.P. 1925. The trial court granted Appellant's requests for extensions of time on June 19, 2014, and July 23, 2014; the statement eventually was filed on September 22, 2014. The trial court filed its Rule 1925(a) opinion on January 13, 2015.

Appellant raises the following issue for our review:

   I.   Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria, including the protection of the public, the gravity of the offense/violation, and especially Mr. Pimpinella's character and rehabilitative needs, as required under 42 Pa.C.S.A. § 9721(b) (sentencing generally; general standards).

Appellant's Brief at 5 (full capitalization omitted).

Appellant's claim challenges the discretionary aspects of his sentence. In an appeal from a sentence imposed after the court has revoked probation, as here, "we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, ___ A.3d ___, ___, 2015 PA Super 116 *2 (Pa. Super. filed May 8, 2015) (citing *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033 (Pa. Super. 2013) (*en banc*)).

An appellant seeking discretionary review of his sentence has no absolute right to do so but rather, must petition this Court for permission. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014); 42 Pa.C.S. § 9781(b). Before we may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Levy*, 83 A.3d 457, 467 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)). *See also* Pa.R.Crim.P. 708, cmt. (discussing proper preservation of issues

- 5 -

challenging discretionary aspects of a sentence imposed following a revocation hearing).

Herein, Appellant has filed a timely appeal and included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, he has complied with requirements one and three of the four-prong test we apply prior to our review of the merits of a discretionary challenge to a sentence. However, he has not complied with the second prong. Appellant did not preserve his discretionary aspects of sentence challenge either at sentencing or in a post-sentence motion to reconsider his sentence.[1]

In rejecting this claim, the trial court stated as follows:

"[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa. Super. 2011). Appellant did not file a Post-Sentence Motion and did not challenge the discretionary aspects of his claim at sentencing. Therefore, his challenges to his sentence should be deemed waived.

Trial Court Opinion, 1/13/15, at 3.

_____

[1] Appellant admits his failure to file a post-sentence motion. Appellant's Brief at 15. He suggests, however, that his request at the revocation hearing for probation rather than incarceration along with his statement to the trial court that he attended sex offender treatment and "didn't blow it off", *id*.; N.T., 4/22/14, at 5, 10, constituted preservation of the issue. We disagree. These statements do not constitute preservation of an argument that the trial court did not consider all "relevant sentencing criteria." Appellant's Brief at 5.

We agree that Appellant has waived his challenge to the discretionary aspects of his sentence, and thus has failed to invoke our jurisdiction over such claim. *Levy*, 83 A.3d at 467 (citing ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or [presented] to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."); Pa.R.A.P. 302(a).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015