J-S15006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SEAN MUES | |
| Appellant | No. 2864 EDA 2014 |

Appeal from the Judgment of Sentence September 9, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004662-2013

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED April 25, 2017**

Sean Mues appeals from the judgment of sentence of six to twelve months imprisonment followed by two years probation that the trial court imposed after it found that Appellant had violated a probationary term received after he pled guilty to driving under the influence of a controlled substance.  Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm.

On June 22, 2013, Appellant was charged with driving under the influence, reckless driving, and disorderly conduct.  At approximately 9:00 p.m. on the day in question, Chester Police Officer Charles Stevens was

dispatched to the scene of an accident at 2523 Edgemont Avenue. Upon arrival, Officer Stevens observed a vehicle that had been struck by a vehicle that Appellant was driving. Appellant attempted to flee the crash scene, but was restrained by an eyewitness. Appellant was incoherent and unable to answer any questions posed by Officer Stevens, who saw a syringe in Appellant's car. Appellant agreed to submit to a blood alcohol test, which revealed the presence of morphine and codeine in his system.

On September 16, 2013, Appellant entered a guilty plea to driving under the influence of morphine and codeine, his second offense and a first-degree misdemeanor. Appellant was sentenced to twenty-three months intermediate punishment and a consecutive term of three years probation. As part of his sentence, Appellant had to 1) complete a Court Reporting Network ("CRN") evaluation, which is used to determine an individual's dependency on alcohol or controlled substances; 2) undergo a drug and alcohol evaluation; 3) complete all recommendations resulting from the drug and alcohol evaluation; 4) pay fines and costs; and 5) perform ninety-six hours of community service.

Appellant thereafter was charged with violating the terms of probation in the following respects: 1) failing to report to his probation officer on three occasions; 2) using heroin; 3) neglecting to pay any of the fines and costs; 4) not performing any of the community service hours; 5) failing to complete his CRN evaluation; and 6) neglecting to start a medically-monitored long

term inpatient treatment program that had been recommended after Appellant completed his drug and alcohol evaluation. At a violation of probation hearing on September 9, 2014, Appellant admitted the violations and reported that he had a heroin addiction problem. He volunteered to participate in a long-term inpatient treatment program.

The trial court determined that Appellant was in violation of his probation and sentenced him to six to twelve months imprisonment with immediate parole upon completion of the treatment program that Appellant had agreed to attend. Appellant also was sentenced to two years probation. When imposing its sentence, the court noted that the probation office had recommended a sentence of eighteen to thirty-six months imprisonment and that it had exercised considerable lenity in the six to twelve month sentence imposed. Appellant's post-sentence rights were explained to him at the end of the proceeding.

After sentence was imposed on October 8, 2014, Appellant filed a timely counseled notice of appeal from the judgment of sentence. The record was not timely transmitted to this Court, and on November 4, 2015, we issued notice to the trial court of this default. On August 19, 2016, Appellant filed an application for relief with this Court. He noted that his appeal had been timely filed on October 8, 2014, that the trial court never ordered that a Pa.R.A.P. 1925(b) statement be filed, and that it never issued an opinion. Counsel thereafter voluntarily filed a Pa.R.A.P. 1925(b)

statement, but the trial court failed to respond. Since almost two years had elapsed since the filing of the appeal, Appellant asked this Court to enter an order directing the trial court to transmit the record without an opinion so that a briefing schedule could be issued. On September 12, 2016, we ordered the trial court to issue an opinion and transmit the record within thirty days of issuance of the order. The trial court complied with that directive, and we received the record and an opinion.

Thereafter, counsel filed a petition to withdraw as counsel and *Anders* brief. Since we do not consider the merits of an issue raised in an *Anders* brief without first reviewing a request to withdraw, we now address counsel's petition to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) file a petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the *Anders* brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. ***Id***.

Counsel's motion to withdraw indicates that he made a thorough review of Appellant's case, and found a complete lack of issues that might be raised on appeal. Counsel concluded that the appeal was wholly frivolous and prepared an *Anders* brief. Counsel mailed a copy of the motion to

withdraw and the brief to Appellant. A letter to Appellant is attached to the motion. In that document, counsel advised Appellant that, after review of this case and applicable law, counsel found no issues to pursue on appeal and determined the appeal was frivolous. Counsel also told Appellant he could submit his own brief or hire another attorney to file one. The petition to withdraw and **Anders** brief were enclosed with the letter. Thus, the procedural aspects of **Anders** were satisfied herein.

We next examine the briefing requirements when counsel seeks to withdraw on direct appeal. Pursuant to **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Appellant's brief satisfies the mandates of **Santiago**. It sets forth the procedural and factual history of the violation of the proceeding. Counsel presents an argument and legal authority about the propriety of the sentence imposed and establishes why it did not constitute an abuse of discretion.

We therefore examine the issue presented: "Whether the 6 to 12 month term of imprisonment imposed herein is harsh and excessive under

the circumstances?" Appellant's brief at 1. Initially, we note that "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015); *see Commonwealth v. Cartrette,* 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*).

As we recently observed in *Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa.Super. 2016) (citation omitted), "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*.

In the present case, the appeal is timely and Appellant's brief contains a Pa.R.A.P. 2119(f) statement; however, the issue is not preserved for review. At the time of sentencing, Appellant raised no objection that his six

to twelve month term of imprisonment was harsh and excessive, and he did not file a post-sentence motion. Thus, we cannot entertain the merits of Appellant's challenge to his sentence.

We have conducted an independent review of the record, as required by **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa.Super. 2015), and have concluded that there are no preserved non-frivolous issues that can be raised in this appeal. Hence, we concur with counsel's conclusion that this appeal is wholly frivolous and allow him to withdraw.

Petition of Patrick J. Connors, Esquire, to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2017