J-S34005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL VERBISKI | |
| Appellant | No. 416 EDA 2016 |

Appeal from the Judgment of Sentence June 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003497-2009

BEFORE:  BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 06, 2017**

Michael Verbiski appeals the discretionary aspects of the sentence that was imposed after he violated the terms of his probation.  We affirm.

Based upon the following events, Appellant was charged with one count of escape graded as a third-degree felony.  On August 26, 1992, Appellant was sentenced to eight to twenty years imprisonment after pleading guilty to robbery.  On May 5, 2008, he was accepted into the Pennsylvania Department of Corrections pre-release program and was transferred from state prison to Gaudenzia Philly House, Philadelphia. Appellant had to remain at that location until he was paroled, pardoned, transferred, or his sentence was completed.  On January 16, 2009, Appellant left the facility without authorization, and was later apprehended.

_____
* Retired Senior Judge specially assigned to the Superior Court.

On October 1, 2009, Appellant tendered a negotiated guilty plea herein to the charge of escape in return for one and one-half to three years confinement followed by three years of probation. After he began to serve the probationary portion of this sentence, he was charged with violating its terms. Specifically, in July 2014, Appellant pled guilty to driving under the influence, simple assault, possession of a controlled substance, and possession of an instrument of crime. On June 29, 2015, the trial court found Appellant to be in direct violation of probation. Appellant waived the preparation of a pre-sentence report, and the matter proceeded directly to sentencing.

The Commonwealth asked for imposition of the statutory maximum remaining after deduction for time served, but the court declined to impose that sentence. It did conclude, however, that probation was not effective in rehabilitating Appellant in light of his criminal history, and it sentenced him to one and one-half to three years incarceration. Appellant filed a motion for reconsideration maintaining that the trial court did not proffer adequate reasons for its sentence, did not adequately weigh mitigating factors, improperly failed to order a pre-sentence report, and violated the terms of 42 Pa.C.S. § 9771(c), which we set forth *infra*. The motion for reconsideration was denied.

Appellant did not appeal at that time. His appellate rights were reinstated pursuant to a timely filed PCRA petition. This appeal followed.

Appellant complied with the court's directive to file a Pa.R.A.P. 1925(b) statement, wherein he repeated the assertions raised in his motion for reconsideration of sentence and also claimed that the sentence was excessive.

On appeal, Appellant raises one issue: "Did the Lower Court abuse its discretion in sentencing the Appellant to a state sentence where the violation of probation was due to the Appellant's pleading guilty and accepting responsibility for an array of minor crimes?" Appellant's brief at 8. Initially, we note that "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015); *see Commonwealth v. Cartrette,* 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*).

Appellant's averment relates to the discretionary aspects of the sentence imposed. As we observed in *Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa.Super. 2016) (citation omitted), "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right."

Instead, prior to exercising our jurisdiction involving a challenge to the discretionary aspects of a sentence, we must determine if an appellant has satisfied the following four-part test:

(1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**.

In the present case, the appeal is timely, the issue was preserved in a post-sentence motion for reconsideration, and Appellant's brief contains a Pa.R.A.P. 2119(f) statement. Additionally, in that statement, Appellant avers that the trial court did not articulate sufficient reasons for the sentence imposed. "This Court has held that such a challenge to the sentence raises a substantial question." **Commonwealth v. Simpson**, 829 A.2d 334, 338 (Pa.Super. 2003). Accordingly, we grant allowance of appeal from the discretionary aspects of the sentence imposed.

We now examine our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shull**, 148 A.3d 820, 831 (Pa.Super. 2016) (citation omitted).

In this case, we observe that the probation-violation court was justified in imposing a sentence of total confinement. As articulated in 42 Pa.C.S. § 9771(c), there are limitations as to when imprisonment can be imposed after a defendant violates probation. However, a sentence of confinement is justified when the court finds any of the following "(1) **the defendant has been convicted of another crime**; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c) (emphasis added). Since Appellant was convicted of four other crimes, the sentence of imprisonment was permitted under § 9771(c)(1).

We have reviewed the argument portion of Appellant's brief, which consists of a series of platitudes and a boilerplate outline of the general principles applicable in the sentencing setting. We do note that Appellant suggests that the sentencing guidelines apply herein, Appellant's brief at 13; this assertion is incorrect as the sentencing guidelines are inapplicable in the violation-of-probation setting. ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa.Super. 2006) ("Sentencing Guidelines do not apply to sentences imposed following a revocation of probation."); 204 Pa. Code § 303.1(b) ("The sentencing guidelines do not apply to sentences imposed as a result of the following: . . . revocation of probation[.]"). Appellant also implies that the trial court considered an impermissible sentencing factor,

Appellant's brief at 14, but he fails to identify that factor, and our review of the sentencing proceeding reveals none was employed by the court.

The only specific, applicable position presented by Appellant is that: "In this matter, the Lower Court outlines some reasons for its sentence in its opinion, however this reasoning was not revealed until the opinion. No such reason[s] were enunciated at the sentencing itself." Appellant's brief at 15. This assertion is contrary to the record. The court stated at sentencing:

> All right. I certainly agree that [Appellant's] chances – unfortunately, I work every day with people trying to rehabilitate them, but this man cannot be. But not knowing how much time he served [prior to imposition of the sentence in question] and recognizing the nature of the case in front of me, I'm not going to give him the statutory maximum. I am going to give him one-and-one-half to three years.

N.T. Sentencing, 6/29/15, at 15. Thus, at the sentencing hearing itself, the sentencing court justified its sentence of imprisonment based upon the fact that Appellant was not capable of being rehabilitated through the use of probation. This finding is supported because this matter involves Appellant's escape from housing less restrictive than jail as well as his commission of four other crimes while he was on probation for the escape offense. Additionally, the court declined to impose the statutory maximum, as requested by the Commonwealth, due to the nature of this case.

We likewise reject Appellant's assertion, which was raised in the Pa.R.A.P. 2119(f) statement and by implication in the question raised on appeal, that his sentence is excessive in light of the paltry nature of the

crimes that he committed while on probation. Appellant pled guilty to possession of a controlled substance, possession of an instrument of crime, simple assault, and driving under the influence. While the grading of the crimes are not revealed in the sentencing transcript, the combination of the criminal activity at issue cannot be characterized as minor. Hence, we conclude that the court did not abuse its discretion in deciding that one and one-half years imprisonment was an appropriate consequence of Appellant's failure to abide by the terms of his probation through the commission of four new offenses.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2017