J-S19014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RASHEEM SWINT :
:
:
Appellant : No. 882 EDA 2017
:

Appeal from the Judgment of Sentence February 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005606-2011

BEFORE: SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                            **FILED APRIL 25, 2018**

Rasheem Swint ("Appellant") appeals from the judgment of sentence

imposed on February 16, 2017, in the Court of Common Pleas of Philadelphia

County following the revocation of his probation. We affirm.

The trial court summarized the procedural history of this case as follows:

> On November 19, 2010, [Appellant] was arrested and
> charged with numerous offenses, including inter alia: 1) PWID[1]
> and 2) Criminal Conspiracy.[2] On October 21, 2011, [Appellant]
> entered into a negotiated plea agreement and was sentenced to a
> term of two to four years confinement in a state correctional
> institution followed by three years probation on the PWID. This
> sentence was to run concurrent to the sentence of two to four
> years confinement followed by three years probation on the
> conspiracy charge. Thus, on the 2011 charges, [Appellant] was
> sentenced to an aggregate sentence of two to four years
> confinement followed by three years probation.
>
> [1] [Possession with intent to deliver,] 35 Pa.C.S.A. § 780-
> 113(a)(30)

---

\* Retired Senior Judge assigned to the Superior Court.

2  18 [P.S.] § 903(c)

On August 17, 2016, [Appellant] was arrested for a PWID. On December 8, 2016, [Appellant] entered into a negotiated plea agreement on the charge of PWID. In entering into this plea agreement, [Appellant] was in direct violation of his sentence of probation on the 2011 charges. The [trial c]ourt continued sentencing on the [violations of probation] VOPs and ordered a Pre-Sentence Investigation (PSI) report. Upon the request of defense counsel, the [trial c]ourt agreed to continue sentencing on the [2016] plea agreement so that the sentences could be imposed simultaneously.

On February 16, 2017, the [trial c]ourt issued sentences on both the [2016] PWID and the VOPs. In accordance with the negotiated plea agreement on the [2016] charge, [Appellant] was sentenced to one to two years confinement in a state correctional facility followed by three years probation. On the VOP charges, [Appellant] was sentenced to two consecutive terms of three to six years confinement. These sentences were to run consecutive to the sentence on the underlying charge and [Appellant] was given credit for time served. Thus, at the sentencing hearing, [Appellant] was sentenced to an aggregate sentence of seven to fourteen years confinement.

On February 16, 2017, counsel for [Appellant] simultaneously filed a "Motion to Reconsider Sentence" and a "Motion to Withdraw as Counsel for Defendant". On February 22, 2017, the [trial c]ourt, without a hearing, denied his "Motion to Reconsider Sentence" and granted the "Motion to Withdraw as Counsel for Defendant." On February 27, 2017, Michael Marryshow, Esq. filed a subsequent "Motion to Reconsider VOP Sentence". He also filed a "Notice of Appeal" to the Superior Court of Pennsylvania on March 15, 2017.

On March 22, 2017, [the trial c]ourt filed and served on [Appellant] an Order, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [Appellant] to file and serve a Statement of Errors Complained of on Appeal, within 21 days of the [c]ourt's Order. On April 11, 2017, defense counsel filed a "Motion for Extension to File 1925(b) Statement of Matters Complained of on Appeal" and on May 4, 2017, the [trial c]ourt issued an Order granting this request. On May 17, 2017,

counsel for [Appellant] filed a timely "Statement of Matters Complained of on Appeal".

Trial Court Opinion, 6/29/17, at 1–3.

On appeal, Appellant presents a single question for our consideration:

DID THE COURT ERR IN SENTENCING APPELLANT FOLLOWING REVOCATION OF PROBATION TO AN EXCESSIVE SENTENCE OF 6 TO 12 YEARS WHERE COURT FOCUSED ON HARM TO SOCIETY AND NATURE OF THE CRIME AND INCORRECTLY FOUND PWID AND CONSPIRACY TO BE VIOLENT CRIMES AND FAILED TO CONSIDER THE REHABILITATIVE NEEDS OF APPELLANT CONTRARY TO 42 Pa.C.S.A. SECTION 9721(b)?

Appellant's Brief at 4.

In an appeal from a sentence imposed after the court has revoked probation, we can review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa. Super. 2015). Allegations that a sentencing court failed to consider certain factors or imposed a manifestly excessive sentence are challenges to the discretionary aspects of a sentence. ***See Commonwealth v. Cruz–Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995) (a claim that the sentencing court failed to consider certain factors implicates the discretionary aspects of a sentence).

We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance

of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007). An appellant invoking our jurisdiction must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, (3) whether appellant's brief has a fatal defect, and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted).

Appellant has filed a timely notice of appeal, and he properly preserved the issue in a motion to reconsider his sentence. Further, we note that Appellant's brief does not contain a fatal defect; it includes a Pa.R.A.P. 2119(f) statement. Appellant's Brief at 8. Thus, Appellant has satisfied the first three parts of the test for invoking our jurisdiction.

This Court must next determine whether Appellant raised a substantial question that his sentence is not appropriate under the Sentencing Code. Whether a substantial question exists must be determined on a case-by-case basis. ***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provisions of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (quoting

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013)) (internal quotation marks omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that he presents a substantial question concerning the length of his sentence. Specifically, he states that the trial court imposed:

> an excessive sentence of 6 to 12 years which was above the aggravated range of the guidelines where [the] court focused on harm to the society and nature of the crime and incorrectly found PWID and Conspiracy to be violent crimes and failed to consider the rehabilitative needs of Appellant contrary to 42 Pa.C.S.A. Section 9721(b).[1]

Appellant's Brief at 8 (full capitalization omitted).

We conclude that Appellant's challenge to the imposition of his sentence as excessive, together with his claim that the trial court failed to consider his rehabilitative needs, presents a substantial question. *See Johnson*, 125 A.3d at 826 ("[An] excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014)). Accordingly, we address the merits of Appellant's claim.

Our standard of review of a challenge to the discretionary aspects of sentence is well established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

---

[1] The factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public and rehabilitative needs of the defendant. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006).

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007).

Moreover, "[a]n abuse of discretion requires the trial court to have acted with . . . such lack of support so as to be clearly erroneous." ***Commonwealth v. Rush***, 162 A.3d 530, 544 (Pa. Super. 2017). This Court has further held:

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014).

Furthermore, "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." 42 Pa.C.S. § 9771(b). In fact, in the violation-of-probation context, the sentencing court enjoys an even greater degree of deference:

[W]here the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

***Commonwealth v. Pasture***, 107 A.3d 21, 28–29 (Pa. 2014). In ***Pasture*** the Pennsylvania Supreme Court noted that a sentencing court does not abuse its discretion by imposing a harsher post-revocation sentence where the

- 6 -

appellant initially received a lenient sentence and failed to adhere to the conditions imposed. *Id.* at 28.

Here, the trial court explained its revocation sentence as follows:

Prior to imposing sentence on the VOP charges, the [trial c]ourt ordered a PSI report. (N.T., 12/8/16, pgs. 6, 14). After reviewing [Appellant's] criminal history, his PSI, and hearing argument of counsel, the [trial c]ourt imposed sentence. In imposing sentence, [trial c]ourt noted that selling heroin is a violent crime. The [trial c]ourt stated: "It is a violent crime because he sells heroin to people who in order to feed their addiction go out and stick guns in people's faces and say, give me your money. It is a violent crime. Just because he's not the one on the street with the gun doesn't mean it isn't a violent crime. It destroys people's lives." (N.T., 2/16/17 pg. 13). Additionally, in regards to [Appellant's] criminal record, the [trial c]ourt noted that this was [Appellant's] fifth conviction for PWID and stated: "I mean there is no question in my mind that when he gets out he's going right back and continue selling heroin. That's who he is. So I have an obligation to keep him away from that for a decent period of time. Not only because he deserves it, but the community deserves it. Let's give them a break for a few years." (N.T. 2/16/17 pg. 7, 13).

Trial Court Opinion, 6/29/17, at 6–7.

Using the appropriate deferential standard of review, we discern no basis for disturbing Appellant's revocation sentence. A revocation sentence is peculiarly within the judge's discretion. *Pasture*, 107 A.3d at 29. As for the trial court's characterization of Appellant's crimes as violent, we understand its use of the term "violent" in the context of describing the realities of this country's drug epidemic, not in the context of describing a statutorily defined offense. N.T., 2/16/17, at 10–13. The sentence at issue was within the statutory bounds. N.T., 12/8/16, at 5–6. The trial court had the benefit of a

PSI, which gives rise to a presumption that the trial court properly considered and weighed all relevant factors. ***See Commonwealth v. Finnecy***, 135 A.3d 1028, 1038 (Pa. Super. 2016) ("[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). The trial court considered both the protection of the public and the rehabilitative needs of Appellant in recognizing that, given his five PWID convictions, Appellant would return to selling heroin upon his release from incarceration because "[t]hat's who he is." N.T., 2/16/17, at 7, 13. Additionally, the trial court agreed that Appellant was RRRI eligible. ***Id.*** at 15–17.

Upon review, we discern no abuse of discretion. The court carefully considered the appropriate factors when it imposed the revocation sentence. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/18