2015 PA Super 116

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHELLE WRIGHT, | |
| Appellant | No. 85 EDA 2014 |

Appeal from the Judgment of Sentence December 2, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0510561-2005

BEFORE:  BOWES, SHOGAN and FITZGERALD,* JJ.

OPINION BY BOWES, J:                                    **FILED MAY 08, 2015**

Michelle Wright appeals from the judgment of sentence of eleven and one-half to twenty-three months imprisonment followed by five years probation that the trial court imposed after she was found to be in violation of the terms of her probation.  We find that Appellant had concluded serving her probationary term when the probation was revoked and that her violation of probation ("VOP") proceeding was not held within a reasonable period after her probation violations.  We therefore vacate the judgment of sentence.

On November 14, 2005, Appellant entered a negotiated guilty plea to one count of welfare fraud in return for a sentence of three years of reporting probation and restitution in the amount of $13,967.  No petition to revoke the probation appears in the record nor does the docket indicate that

_____
*  Former Justice specially assigned to the Superior Court.

one was filed. A violation of probation ("VOP") hearing was conducted on December 2, 2013. At that time, the following occurred. Appellant objected to the court's jurisdiction to conduct a VOP hearing and claimed that her probationary period expired years before the hearing was conducted. The Commonwealth countered that Appellant absconded from probation during the probationary period so that Appellant remained subject to probation.

To establish Appellant's status as absconder, Probation Officer Brian Brown testified as follows. According to Appellant's probation records, Appellant reported to her probation officer until June 25, 2007, and paid $22.50 in restitution. Mr. Brown then testified that Appellant re-initiated contact with the probation office on December 2, 2009. N.T. VOP, 12/2/13, at 8 ("THE PROBATION OFFICER: It was noted that there was contact June 25, 2007, and then not until December 2, 2009."); *Id*. at 18 ("I wrote down that she had contact on June 25, 2007, and didn't have contact again until December 2, 2009."). Officer Brown could not testify personally as to these events, his testimony being premised upon notations in Appellant's probation records by her previous probation officer. Officer Brown testified that, "According to the last probation officer's notes, from 6/25/07 she absconded until December 2, 2009." *Id*. at 7-8.

The Commonwealth also reported to the trial court that Appellant had a direct violation of the terms of her probation in the form of 2013 federal convictions for bank fraud and conspiracy. Appellant objected to the

- 2 -

Commonwealth's characterization of those convictions as probation violations and maintained that her probationary period had expired by 2013. The Commonwealth responded that Appellant was a probation absconder and that her probationary period had not expired. Based upon the 2013 federal convictions, the Commonwealth sought a term of incarceration.

Appellant then objected to the timeliness of the revocation proceedings. She also claimed that she could not be found to be a probation absconder because such a finding would be premised solely upon hearsay in her probation records consisting of the notations that she did not report from June 25, 2007, to December 2, 2009. The trial court concluded that Appellant violated her probation based upon technical violations as well as a direct violation, the federal convictions. It imposed "11 and a half to 23 months incarceration with immediate parole to be followed by five years of reporting probation." *Id*. at 26.

Appellant filed a motion for reconsideration of the revocation decision and the sentence, that motion was promptly denied, and this timely appeal followed. She raises the following issues for our review:

> 1. Did not the trial court lack jurisdiction or authority to revoke appellant's probation, where that probation had naturally expired approximately five years prior to the revocation hearing and where the court's conclusion that appellant had absconded from supervision was not justified by the evidence?

> 2. Did not the trial court violate appellant's right to a speedy revocation hearing, where no allegations of technical

> violations were brought and no hearing was held until five years after the natural expiration of her supervision?

Appellant's brief at 3.

Initially, we note that, in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033 (Pa.Super. 2013) (*en banc*). In this case, Appellant's position pertains to the validity of the proceedings. *Commonwealth v. Ortega*, 995 A.2d 879 (Pa.Super. 2010). "In a revocation hearing the Commonwealth has the obligation of establishing its case by a preponderance of the evidence." *Commonwealth v. Brown*, 469 A.2d 1371, 1374 n.2 (Pa. 1983).

We also observe that the hearing was extremely disjointed, with the Commonwealth maintaining that Appellant was an absconder and thus still subject to probation, that she violated probation by failing to report, and that she violated probation by committing the 2013 federal offenses. Appellant continually interjected that she was no longer on probation, that the VOP hearing was not held in a timely manner, and that the Commonwealth did not prove that she was an absconder since that finding could not be premised upon the hearsay proof submitted being the notations made by the prior probation officer.

We first discuss the issue of whether Appellant was a probation absconder since that finding impacts the remaining issues. Appellant maintains that it was impermissible for the trial court to determine that she was a probation absconder based upon inadmissible hearsay consisting of the notations made by the prior probation officer, who failed to testify. We conclude that we need not address the hearsay issue since, even if the notations were improper hearsay admitted to establish that Appellant was an absconder, those same hearsay notations likewise proved that Appellant had finished serving her probationary term when the direct violations occurred and that the VOP hearing was not conducted within a reasonable period after the 2007 – 2009 reporting violations.

In **Ortega**, **supra**, at 885, we held that a defendant's probation will be "extended by his ongoing delinquency." Herein, the notations in Appellant's file indicated that she was on probation from November 14, 2005 to June 25, 2007, nineteen months, and that she re-initiated contact with her probation officer on December 2, 2009. Officer Brown stated unequivocally that Appellant was no longer an absconder as of December 2, 2009. N.T. VOP Hearing, 12/2/13 at 7-8 (emphasis added) ("According to the last probation officer's notes, from 6/25/07 she absconded **until December 2, 2009**.")[1]

---

[1] Appellant informed the court that she moved from the Philadelphia area and that after 2009, she was given permission to report by telephone. At the time of the VOP hearing, she was employed and the sole caretaker of

As of December 2, 2009, Appellant had to serve an additional seventeen months probation. Thus, Appellant's probationary term, according to the Commonwealth's own proof, expired on May 2, 2011, seventeen months after she reinstituted contact with her probation officer.

In rendering this finding, we observe the following. The Commonwealth, as noted, has the burden of proof in a probation revocation setting. Thus, it had to establish that Appellant was a probation absconder. Under *Ortega*, the probationary term is extended only by the period of delinquency. Although the Commonwealth presented evidence that Appellant resumed contact with her probation officer on December 2, 2009, it presented not a scintilla of evidence that Appellant was an absconder after that date. Instead, her probation officer admitted that she was no longer considered an absconder on December 2, 2009. Thus, Appellant's absconder status ceased at that time.

Assuming, *arguendo*, that Appellant's delinquency began on June 25, 2007, and expired on December 2, 2009, her probation, as extended by Appellant's period of delinquency, ended on May 2, 2011. Her probation was not revoked until December 2, 2013, which was thirty-one months after expiration of her probationary period, and four years after she committed

---

her two minor children. She agreed to resume making payments on the restitution.

the 2007-2009 probation violations consisting of the failure to report and pay restitution.

We are aware that a sentence for a violation of the terms of probation can be imposed after the expiration of the probationary period if the revocation is based on a violation which occurred within the probationary period. *Commonwealth v. Lipton*, 52 A.2d 521 (Pa.Super. 1975). However, in that circumstance, the probation must be revoked and the sentence must be imposed within a reasonable time after the expiration of the probationary period. *Id*. at 522 ("When a sentence is imposed after the expiration of a probationary period, based upon a violation which occurred within the period (the situation in the case before us), the probation must be revoked and the sentence imposed within a reasonable time after the expiration of that period.").

Similarly, Pa.R.Crim.P. 708, which pertains, *inter alia*, to a violation of probation, provides, in relevant part:

> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> (1) **a hearing held as speedily as possible** at which the defendant is present and represented by counsel; and
>
> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B) (emphasis added).

The bolded language has been interpreted as requiring a probation violation hearing within a reasonable time. In determining whether a VOP hearing is held within a reasonable period, we examine "the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." *Commonwealth v. Woods*, 965 A.2d 1225, 1227 (Pa.Super. 2009) (quoting *Commonwealth v. Clark*, 847 A.2d 122, 123–24 (Pa.Super. 2004)).

We now examine both aspects of the trial court's finding that Appellant violated her probation. It found a direct violation due to the 2013 federal convictions as well as technical violations consisting of the failure to report and pay restitution from 2007-2009. As noted, when a violation of probation occurs **within** the probationary period, but the VOP hearing occurs **after** probation expires, probation can be revoked if the VOP hearing is held within a reasonable period. Herein, the Commonwealth reported that Appellant was convicted of federal bank fraud and conspiracy charges in 2013. N.T. VOP, 12/2/13, at 10 (Commonwealth informed the court that Appellant's convictions occurred in 2013), after the probation was over. Additionally, Appellant's probation officer admitted that the federal charges occurred after Appellant's probationary sentence was served in this case:

THE COURT: Why are we here?

THE PROBATION OFFICER: For a direct violation.

THE COURT: That occurred after my probation ended?

- 8 -

THE PROBATION OFFICER: It did, correct.

THE COURT: Why did you schedule a hearing?

THE PROBATION OFFICER: I just took the case about a month ago. The direct violation happened – but these cases tend to not naturally expire because it's financial, so they get really clouded.

N.T. VOP, 12/2/13, at 5. Since Appellant's probation was over as of May 2, 2011, a conviction occurring in 2013 cannot serve as a basis for revoking that probation.

We stress that, at the probation revocation hearing, the Commonwealth provided no proof as to when these federal crimes were committed. It reported only that the **conviction** was in 2013. In its brief, the Commonwealth suggests that the crime occurred while Appellant was still on probation herein. Commonwealth's brief at 3. It cites to pages ten and twenty-one of the VOP hearing in support of this factual assertion. The transcript provides no support for this position. At page ten, the district attorney stated that the federal "conviction occurred this year," which was 2013. N.T. VOP Hearing, 12/2/13, at 10. Page twenty-one does not mention the federal crimes. Thus, the record cannot sustain a finding that Appellant was charged in the federal case before her probation expired in 2011. Moreover, Appellant was no longer a fugitive from justice as of December 2, 2009. Thus, we reject the Commonwealth's assertion that, while she was "a fugitive, defendant defrauded a federal bank, and was

convicted in federal court of bank fraud and criminal conspiracy." Commonwealth's brief at 2.

We now examine whether probation was properly revoked due to Appellant's alleged failure to report and pay restitution from June 25, 2007 to December 2, 2009. We conclude that the VOP hearing for those violations was not held within a reasonable period after the violations occurred. Herein, the length of the delay was significant, four years after the violations occurred and thirty-one months after probation expired. We believe this delay was unreasonable. **Commonwealth v. Stancil**, 524 A.2d 505 (Pa.Super. 1987), is instructive. Therein, we held that the defendant's counsel was ineffective for failing to object to an unexplained and lengthy delay in conducting a VOP hearing. The defendant failed to make required restitution, and, three years after the end of his probationary term, his probation was revoked based on that default.

We observed that, even though "there is no presumptive period in which a defendant's probation must be revoked, revocation hearings must be held with reasonable promptness after a probation officer is chargeable with knowing that probation has been violated." *Id*. at 506-07. We noted that the Commonwealth did not offer any reason for the delay and that it was a long one. We specifically indicated, "Although Appellant does not allege any prejudice from this delay, we have held that in cases where probation revocation hearings are not held until after the expiration of the

probationary term, a certain amount of prejudice necessarily follows from the fact of the expiration of that probation." *Id*. at 507. We thus held that the defendant was prejudiced by the delay. *See also Commonwealth v. McCain*, 467 A.2d 382 (Pa.Super. 1983) (where VOP hearing was held twelve months after defendant committed direct violation of his probation and three months after his probationary period expired, hearing was not held within a reasonable period).

In this case, the Commonwealth knew about the 2007-2009 reporting violations when Appellant reinitiated contact with her probation officer on December 2, 2009. *See Commonwealth v. Bomberger*, 257 A.2d 630, 632 (Pa.Super. 1969) (the probation "department which is charged with the duty to investigate whether appellant obeyed the terms of his probation certainly should have known of his failure to make restitution" and defendant's VOP hearing was not held within a reasonable period after he defaulted on restitution payments). It offered absolutely no reason for failing to conduct VOP proceedings until December 2, 2013, four years after Appellant violated her probation by failing to report, which weighs in favor of Appellant herein. *McCain*, *supra* at 384 ("absence of adequate explanation for the delay must be weighed" against Commonwealth). In this connection, we note that, since there was no evidence that Appellant committed the federal crimes before May 2, 2011, the Commonwealth cannot contend that the delay resulted from its decision to await the outcome of the federal trial.

Finally, Appellant was presumptively prejudiced by this delay since it occurred two and one-half years after her probation was over. Additionally, we find prejudice because the trial court's decision to sentence her to jail was affected by the 2013 convictions, which would not have been a consideration had the VOP hearing been held promptly after Appellant began reporting to her probation officer on December 2, 2009, when the reporting violations ceased. Specifically, we find that the trial court elected to sentence Appellant to incarceration based solely upon the 2013 offenses due to the following. The Commonwealth requested a term of imprisonment because Appellant committed the 2013 federal crimes, which, as noted, it claimed were direct probation violations. The trial court agreed that a jail sentence was appropriate based upon these direct violations. N.T. VOP, 12/2/13, at 13 (where the trial court indicated that Appellant should serve a period of incarceration given that she "has a direct violation").

In conclusion, we find the following. The Commonwealth established that Appellant's period of delinquency extended her probation to May 2, 2011, the 2013 federal crimes cannot serve as a basis for a revocation of Appellant's probation, and Appellant's December 2, 2013 VOP hearing was untimely as to her alleged reporting violations, which occurred from 2007 to 2009.

Judgment of sentence vacated. Jurisdiction relinquished.

Judge Shogan joins the Opinion.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015