J-S19036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EILEEN JENKINS | : | |
| | : | |
| Appellant | : | No. 1886 EDA 2016 |

Appeal from the Judgment of Sentence April 26, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0409081-1998

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 05, 2018**

Appellant, Eileen Jenkins, appeals from the judgment of sentence imposed for nonpayment of restitution.[1]  We vacate in part and affirm in part.

---

[1] Appellant was convicted pursuant to section 481 of the Public Assistance Act, 62 P.S. §§ 401-493, which provides, in pertinent part, that:

(a)    Any person who, . . . by means of a wilfully false statement or misrepresentation, or by impersonation or by wilfully failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, or Federal food stamps, commits a crime[.] . . .

\*     \*     \*

(c)    Any person committing a crime enumerated in subsection (a) shall be ordered to pay restitution of any moneys received by reason of any false statement, misrepresentation, impersonation,

---

\*   Retired Senior Judge assigned to the Superior Court.

We take the following facts and procedural background from our independent review of the record. On May 12, 1998, Appellant pleaded guilty to violating the Public Assistance Act by fraudulently obtaining welfare benefits. Immediately thereafter, the court ordered that Appellant pay forty-dollars per month in restitution, payable to the Pennsylvania Department of Welfare, as a condition of probation. (Order, 5/12/98). On April 10, 2003, the court revoked Appellant's probation, and imposed a new five-year term during which Appellant again was ordered to pay the outstanding restitution at a rate of forty-dollars per month. After several revocations for non-payment, on February 2, 2012, the court again revoked probation, ordered Appellant to pay sixty dollars per month on her outstanding balance, and continued her probation for six months. On June 27, 2012, the court again revoked probation, imposed a new sentence of twelve months' reporting

---

failure to disclose required information or fraudulent means. Restitution ordered under this subsection may be paid in a lump sum, by monthly installments or according to such other schedule as is deemed just by the sentencing court. Notwithstanding the provisions of 18 Pa.C.S.[A.] § 1106(c)(2) (relating to restitution for injuries to person or property) to the contrary, the period of time during which the offender is ordered to make restitution may exceed the maximum term of imprisonment to which the offender could have been sentenced for the crime of which that person was convicted, if the sentencing court determines such period to be reasonable and in the interests of justice.

62 P.S. § 481(a), (c).

probation, and ordered Appellant to pay sixty dollars per month in restitution. Appellant's probation expired on June 27, 2013. She stopped paying restitution two years later, on June 16, 2015, in spite of there still being a balance of $7,567.14. On April 26, 2016, the trial court held a hearing regarding Appellant's unpaid restitution and ordered her to pay fifty dollars per month on the approximately $7,500.00 in outstanding restitution, revoked her expired probation, and imposed "[a] new two year probation." (**See** N.T. Hearing, 4/26/16, at 8; **see id.** at 6).[2] Appellant timely appealed.[3]

Appellant raises one issue for our review: "[Whether the trial] court is precluded from revoking an expired probation and imposing a new sentence for alleged technical violations that occurred after the probation expired?" (Appellant's Brief, at 3).

Appellant's issue raises a question of law.

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

**Commonwealth v. Karth**, 994 A.2d 606, 607 (Pa. Super. 2010) (case citation omitted).

---

[2] Appellant filed a timely post-sentence motion that the court did not address.

[3] The court did not order Appellant to file a statement of errors complained of on appeal. It did not file an opinion. **See** Pa.R.A.P. 1925.

[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. In a revocation hearing[,] the Commonwealth has the obligation of establishing its case by a preponderance of the evidence.

*Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). Further, "a sentence for a violation of the terms of probation can be imposed after the expiration of the probationary period **if the revocation is based on a violation which occurred within the probationary period**." *Id.* at 137 (citation omitted; emphasis added).

Here, although the trial court revoked Appellant's expired probation, the record reflects that it did not hold a violation of probation hearing before doing so. (*See* N.T. Hearing, 4/26/16, at 2-9). In fact, the Commonwealth did not even argue that Appellant violated her probation during its term. (*See* N.T. Hearing, 4/26/16, at 2-9). *See Wright*, *supra* at 137. Therefore, we are constrained to conclude that the trial court abused its discretion in revoking Appellant's expired probation and entering a violation of probation order. *See Wright*, *supra* at 136.[4]

However, we conclude that the trial court properly ordered Appellant to pay the balance due on the restitution balance. It is well-settled that "[a]n

---

[4] We note that we are not legally persuaded by the Commonwealth's reliance on Pennsylvania Rule of Criminal Procedure 456, (*see* Commonwealth's Brief, at 5-6), because Rule 456 applies to procedures in summary cases.

order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation." ***Commonwealth v. Griffiths***, 15 A.3d 73, 77 (Pa. Super. 2010). Further:

> **Unlike restitution subject to 18 Pa.C.S.A. § 1106(c)(2), welfare fraud restitution has an unlimited repayment period**. . . .
>
> Though an obligation to pay a large amount of welfare fraud restitution in relatively small periodic payments may result in a perpetual obligation hanging over the defendant, this appears to be the necessary and intended effect of the legislature's express decision to exempt 62 [P.S.] § 481(c) from the operation of 18 Pa.C.S.A. § 1106(c)(2). We note that while a convict may not constitutionally be punished for failing to make restitution payments he or she is incapable of making, a poor person has no right to discharge of a criminal restitution obligation on the basis of poverty.
>
> \* \* \*
>
> . . . the ascertainable legislative intent indicates that 62 [P.S.] § 481(c) imposes upon the trial court a mandatory duty to impose an order of restitution as to any moneys obtained as a result of the welfare fraud of which the defendant is convicted.

***Commonwealth v. Ferguson***, 552 A.2d 1075, 1087-88 (Pa. Super. 1988) (emphasis in original omitted; emphasis added).

Instantly, the Commonwealth presented evidence that Appellant still has a restitution balance of $7,567.14. (***See*** N.T. Hearing, 4/26/16, at 4-5). Appellant admitted to her non-payment of the court-ordered restitution after June 16, 2015, that she still owed approximately $7,500.00, and that she could afford to pay fifty dollars per month toward the balance. (***See*** N.T. Hearing, 4/26/16, at 6, 8). Therefore, because Appellant's welfare fraud

restitution has an unlimited repayment period, the trial court properly ordered her to pay restitution at a rate of fifty dollars per month on the balance of restitution due. *See Ferguson*, *supra* at 1087-88.

In sum, we vacate the court's order to the extent that it found Appellant violated her expired probation. We affirm the portion of the order directing Appellant to pay restitution.

Judgment of sentence vacated in part and affirmed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/18