J-S75041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOWELL FAUNTLEROY, | : | |
| | : | |
| Appellant | : | No. 411 EDA 2018 |

Appeal from the Judgment of Sentence November 4, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000173-2010,
CP-51-CR-0013311-2009

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED FEBRUARY 12, 2019**

Jowell Fauntleroy ("Fauntleroy") appeals, *nunc pro tunc*, from the judgment of sentence entered following the revocation of the probationary sentences that were imposed following his guilty pleas to theft by receiving stolen property, trespass, and criminal conspiracy.[1]  We vacate the judgment of sentence and remand for resentencing.

The trial court summarized the relevant history underlying the instant appeal as follows:

> On August 19, 2009, [Fauntleroy] was arrested and charged with Receiving Stolen Property ("RSP") and related charges (CP-51-CR-0013311-2009).  On November 11, 2009, [Fauntleroy] was arrested and charged with Criminal Trespass and related charges (CP-51-CR-0000173-2010).  [Fauntleroy] pled guilty to RSP on January 7, 2010.  On February 3, 2010, [Fauntleroy] pled guilty to Criminal Trespass and Conspiracy.  Following that plea, [the

---

[1] **See** 18 Pa.C.S.A. §§ 3925(a), 3503, 903.

trial court] sentenced [Fauntleroy] on both dockets. [Fauntleroy] was sentenced to three to twenty[-]three (23) months of confinement with immediate parole, followed by one year of probation for both RSP and Criminal Trespass, to run concurrently. Conspiracy merged for the purposes of sentencing.[2]

[Fauntleroy] tested positive for THC multiple times between July 12, 2012, and November 7, 2012. As a result of the positive urinalysis results, a Violation of Probation ("VOP") hearing was scheduled before [the trial court], thus extending [Fauntleroy's] probation beyond its natural date. While awaiting a VOP hearing before [the trial court], [Fauntleroy] was arrested and charged with [t]hird[-d]egree [m]urder and related charges. [Fauntleroy] pled guilty to [t]hird[-d]egree [m]urder and related charges … on September 8, 2014….

Trial Court Opinion, 5/10/18, at 2 (footnote added).

On November 4, 2014, following a VOP hearing, [the trial court] found Faunlteroy to be in violation of his probation and sentenced him to 3½ to 7 years in prison for his conviction of RSP. For his convictions of criminal trespass and criminal conspiracy, the trial court imposed prison terms of 5 to 10 years, to be served consecutive to each other and to Fauntleroy's RSP sentence. Fauntleroy filed no direct appeal from his judgment of sentence.

On November 5, 2015, Fauntleroy filed a Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"),[3] seeking the reinstatement of his direct appeal rights, *nunc pro tunc*. The PCRA court subsequently granted Fauntleroy's Petition. On January 29, 2018, Fauntleroy filed the instant *nunc*

---

[2] The trial court's determination that Fauntleroy's conviction of criminal conspiracy merged for sentencing purposes will be discussed in detail, *infra*.

[3] **See** 42 Pa.C.S.A. §§ 9541-9551.

*pro tunc* appeal of his judgment of sentence, followed by a court-ordered

Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Fauntleroy presents the following claims for our review:

A. Did the sentencing court violate [] Fauntleroy's probation without legal authority where [] Fauntleroy's probation had naturally expired before the commission of the offenses which [led] to the instant violation?

B. Did the trial court impose an illegal sentence on transcript CP-51-CR-0000173-2010[,] when it re-sentenced [] Fauntleroy to 5-10 years['] incarceration[,] on count 2, where[,] at the time of the original sentence[,] the count merged and no penalty was assessed?

C. Did the trial court abuse its discretion when it sentenced [] Fauntleroy to an aggregate sentence of 13½-27 years['] incarceration[,] where the trial court did not follow the dictates of 42 Pa.C.S.[A.] § 9721(b), which states that in every case following the revocation of probation, the [c]ourt shall make part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence impose[d,] nor did it follow the limitations set forth in 42 Pa.C.S.[A.] § 9771 when imposing a sentence of total confinement?

Brief for Appellant at 5.

Fauntleroy first claims that the trial court imposed an illegal sentence,

because his probationary sentence had expired prior to his commission of the

offense giving rise to his instant VOP. *Id.* at 13. Fauntleroy states that on

February 3, 2010, he was sentenced to 3-23 months' confinement with

immediate parole, followed by one year of reporting probation. *Id.* at 14.

Fauntleroy states that the conduct forming the basis of his VOP occurred on

November 27, 2012, 25 days after his probation had expired. *Id.* Fauntleroy

concedes that he had "a series of positive drug tests from July through October, immediately preceding the expiration of his probation, but the court never acted upon these positive drug tests." *Id.* at 15. Fauntleroy asserts that because the sentencing court had failed to act on his positive drug tests, before his probation expired, the court lacked the authority to revoke his probation and impose a new sentence. *Id.* at 16.

"[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015). Fauntleroy's first claim challenges the legality of his sentence.

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Karth*, 994 A.2d 606, 607 (Pa. Super. 2010) (citation omitted). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Williams*, 868 A.2d 529, 532 (Pa. Super. 2005).

In its Opinion, the trial court disputes Fauntleroy's assertion that no VOP took place prior to the natural expiration of his probationary sentence. Specifically, the trial court found that

[Fauntleroy] tested positive for THC multiple times between July 12, 2012, and November 7, 2017. As a result of the positive urinalysis results, a [VOP] hearing was scheduled before this [c]ourt, thus extending [Fauntleroy's] probation beyond its natural end date. While awaiting a VOP hearing before this [c]ourt, [Fauntleroy] was arrested and charged with [t]hird[-d]egree[-m]urder and related charges. [Fauntleroy] pled guilty to [t]hird[-d]egree[-m]urder and related charges before [the trial court] on September 8, 2014….

Trial Court Opinion, 5/10/18, at 1-2.

Our review of the record discloses that on October 22, 2012, *during* Fauntleroy's probationary period, the trial court issued a VOP hearing Notice to Fauntleroy. **See** Trial Court Docket, 10/22/12. Thus, the trial court issued its Notice prior to the expiration of Fauntleroy's probationary sentence, and Fauntleroy is not entitled to relief on this claim. **See Wright**, 116 A.3d at 137 (stating that "a sentence for a violation of the terms of probation can be imposed after the expiration of the probationary period if the revocation is based on a violation which occurred within the probationary period.").

In his second claim, Fauntleroy argues that the trial court imposed an illegal sentence when it sentenced him to five to ten years in prison for his conviction of criminal conspiracy when, "at the time of the original sentence[,] the count merged and no penalty was assessed." Brief for Appellant at 16. Fauntleroy directs our attention to this Court's decision in **Commonwealth v.**

***Williams***, 997 A.2d 1205 (Pa. Super. 2010), as barring a probation revocation court from resentencing an offender, who previously had been subject to a "guilt without punishment" sentence, after the period for altering or modifying the sentence has expired. Brief for Appellant at 17.

In ***Williams***, the defendant entered a negotiated plea whereby he pled guilty to one count each of corruption of minors and indecent assault at one criminal information number, and one count each of corruption of minors and indecent assault at a second criminal information number. ***Williams***, 997 A.2d at 1206. For his conviction of corruption of minors at the first criminal information number, and the conviction of indecent assault at the second criminal information number, the trial court imposed concurrent sentences of one year less a day to two years less two days in prison, followed by three years of probation. ***Id.*** For his remaining convictions, the trial court imposed "no further penalty." ***Id.*** Subsequently, the defendant violated his probation. ***Id.*** At resentencing following the VOP hearing, the trial court sentenced the defendant to consecutive terms of 2½ to 5 years in prison for his convictions of indecent assault and corruption of minors at the first criminal information number, and consecutive prison terms of 2½ to 5 years for his convictions of indecent assault and corruption of minors at the second criminal information number. ***Id.*** at 1207.

On appeal, this Court vacated the defendant's sentences for one count of indecent assault and one count of corruption of minors, *i.e.*, the convictions

that previously were subject to a guilt with "no further penalty" sentence. *Id.* at 1210. This Court explained that

> [a] determination of guilt without further imposition of penalty constitutes a final, appealable order. A trial court may alter or modify a final order within thirty days after its entry, if no appeal is taken. Once the thirty-day period for altering or modifying sentence is over, the trial court loses power to alter its orders. Furthermore, a modification of sentence imposed on a criminal defendant which increases his punishment constitutes double jeopardy.
>
> Although the trial court acted within its power when it revoked appellant's probation and resentenced her for the simple assault conviction, the trial court erred when it resentenced appellant for the PIC conviction. First, the trial court had already issued a final sentence for the [possession of an instrument of crime] conviction in the form of a guilt determination without further penalty. The thirty-day period in which it could have altered the sentence expired, and the appellant did not appeal. Therefore, the trial court did not have the power to alter or modify the no-further-penalty sentence it had initially imposed upon appellant. Thus, the increased punishment appellant received for her [possession of an instrument of crime] conviction[,] following her resentencing for violating her probation for the simple assault conviction[,] constituted a denial of appellant's constitutional right not to be subject to double jeopardy.

*Id.* at 1209. Thus, this Court concluded that "a probation revocation court does not have the authority to re-sentence an offender on a final guilt-without-punishment sentence after the period for altering or modifying the sentence has expired." *Id.*

In this case, the trial court did not expressly impose a "guilt without further penalty" sentence, mistakenly believing that Fauntleroy's conspiracy conviction merged at sentencing. Regardless of the trial court's intention, however, the record clearly reflects that the trial court imposed *no penalty* for

Fauntleroy's conspiracy conviction. Applying the reasoning of this Court in *Williams*, we conclude that the trial court's imposition of no penalty for Fauntleroy's conspiracy conviction constituted a final sentence. Because the trial court did not amend or modify that sentence within 30 days, it cannot now do so under the guise of resentencing upon a probation violation.[4] *See* 42 Pa.C.S.A. § 5505 (providing that a trial court may amend or modify a final order within 30 days of its entry). We therefore vacate the trial court's sentence for Fauntleroy's conviction of criminal conspiracy.

In his third claim, Fauntleroy challenges the discretionary aspects of his sentence. Brief for Appellant at 18. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

---

[4] In its appellate brief, the Commonwealth agrees that the trial court lacked the authority to resentence Fauntleroy for his criminal conspiracy conviction. *See* Brief for the Commonwealth at 7-8.

Here, the PCRA court granted Fauntleroy leave to file a direct appeal, *nunc pro tunc*. Fauntleroy properly preserved his claim in a post-sentence Motion, and included in his brief a Statement of Reasons relied upon for allowance of appeal, in accordance with Pa.R.A.P. 2119(f). Consequently, we next determine whether Fauntleroy has raised a substantial question that his sentence is appropriate under the Sentencing Code.

In his Statement of Reasons relied upon for allowance of appeal, Fauntleroy argues that the trial court's sentence is manifestly excessive. Brief for Appellant at 12. Fauntleroy further asserts that "the record is silent as to whether the [trial] court fully considered the factors under 42 Pa.C.S.[A.] § 9721(b)[.]" Brief for Appellant at 11. According to Fauntleroy, "[t]he sentencing court merely sentenced [] Fauntleroy to the statutory minimum and maximum for each offense, not even taking into consideration the time previously served on each offense." ***Id.***

A claim that the trial court failed to state adequate reasons on the record for imposing a sentence outside of the sentencing guidelines presents a substantial question. ***Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014). Further, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Because Fauntleroy raises a substantial question, we will address his challenge to the discretionary aspects of his sentence.

Fauntleroy argues that the trial court abused its discretion by sentencing him to an excessive sentence, outside of the guidelines, without placing adequate reasons for that sentence on the record. Brief for Appellant at 18. In its Opinion, the trial court agrees, stating that, "[h]aving reviewed [Fauntleroy's] statement and the record, this [c]ourt agrees that it erred in failing to state adequate reasons for its sentence on the record." Trial Court Opinion, 5/10/18, at 2. Our review of the record confirms the trial court's assessment. Therefore, we vacate Fauntleroy's judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing consistent with this Memorandum. Superior Court jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/19

- 10 -