J-S22009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA LYNN MOSTELLER | : | |
| | : | |
| Appellant | : | No. 1346 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 17, 2020
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001139-2018

BEFORE:   PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED: JANUARY 5, 2022**

Joshua Mosteller appeals from the judgment of sentence entered after his probation was revoked for technical violations. Mosteller's probation was revoked and he was resentenced approximately three months after his probation expired. Mosteller raises one issue on appeal, questioning whether the trial court erred in imposing a state sentence for technical violations of the terms of probation after the expiration of the probationary period where the revocation and resentencing were not imposed within a reasonable time. ***See*** Appellant's Brief at 7. We conclude the revocation hearing here violated Pa.R.Crim.P. 708(B)(1)'s requirement that a revocation hearing be held as speedily as possible, and therefore vacate the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

"In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). Our Rules of Criminal Procedure impose limits on a court's authority to revoke probation:

> Whenever a defendant has been sentenced to probation or intermediate punishment, or place on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been: (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B).

This Court has enumerated factors which can determine whether a hearing was held as speedily as possible. **See Wright**, 116 A.3d 133, 137 (Pa. Super. 2015). Those factors include, "the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." **Id**.

Mosteller's revocation and resentencing hearing was held on September 17, 2020. In order to analyze the arguments made at the hearing, a recitation of the procedural history of Mosteller's probation is necessary.

On December 12, 2018, Mosteller plead guilty to one count of theft of property lost, mislaid, or delivered by mistake, 18 Pa. C.S.A. § 3924. Mosteller was sentenced on February 7, 2019, to two to four months' incarceration, with work release, followed by one year of probation.

- 2 -

On December 9, 2019, Mosteller's probation officer filed a violation report stating that he had been detained two weeks prior for a domestic violence incident with his girlfriend, at which time he allegedly was highly intoxicated and did not have an approved address with the officer. The violation report clarified that Mosteller was serving his probation sentence, which would expire on June 5, 2020, when a separate parole sentence was scheduled to commence. On December 24, 2019, an order was entered releasing Mosteller from his detainer and requiring him to provide an approved address and comply with a re-entry program.

On September 15, 2020, a second violation report was filed by Mosteller's probation officer. The report listed his theft case and another case as active, however it again specified that the probation sentence on the theft case expired on June 5, 2020. The report alleged multiple violations and gave a lengthy narrative description of Mosteller's failures to comply with probation from January 2020 through August 2020. The report detailed that Mosteller was arrested on June 9, 2020, and charged with violation of a Protection from Abuse Order, to which he pleaded guilty on July 17, 2020.

At Mosteller's hearing, his attorney and his probation officer argued the details of his violation in front of the Judge, with no appearance by a district attorney. *See* N.T., 9/17/2020. The probation officer asked the Judge to rely on the preliminary violation hearing held December 9, 2019, as having put Mosteller on notice that his probation could be continued if he did not complete

a re-entry program. *See id*. at 2-3. Further, the probation officer detailed technical violations that Mosteller committed between January 2020 and June 2020, prior to the expiration of his probation. *See id*. at 11-13. However, it was clear that the probation officer did not intend to violate Mosteller for these technical violations, instead trying to work with him. *See id*. It was not until after the probationary period ended that the probation officer became aware of Mosteller's new arrest and ongoing drug related issues. *See id*. at 14-15. Even after becoming aware of these problems, the probation officer did not file a violation report on Mosteller, instead waiting months to file a report. *See id*. at 16.

Mosteller's defense attorney argued that since the probation had expired, any violation or revocation should be considered pursuant to the parole sentence that Mosteller was serving at the time of the violation hearing. *See id*. at 8. The Judge ultimately chose to revoke the expired probation and sentenced Mosteller to one to three years' incarceration in a state prison. *See id*. at 21-22. While imposing sentence, the Judge reiterated many of the post-probation instances that the probation officer had posited as proof of a drug addiction problem. *See id*.

On appeal, Mosteller argues that the sentencing court lacked the authority to revoke his probation and resentence him three and a half months after it expired, resulting in an illegal sentence. *See* Appellant's Brief at 10. Mosteller argues that the Commonwealth did not act with diligence in

scheduling his violation hearing when his probation officer had many opportunities to seek revocation of Mosteller's probation both prior to probation expiring and shortly after. *See id*. at 17-19. Further, Mosteller claims that he was prejudiced by the delayed hearing because he was three months from finishing his parole sentence and was then sentenced to one to three years' incarceration. *See id*. at 19-20.

In its Pa.R.A.P. 1925(a) Opinion, the trial court contends that the revocation proceedings were valid and the sentence was legal under *Wright*. *See* Trial Court Opinion, 12/31/2020 at 5. In *Wright*, the defendant was sentenced to a five-year probation term and was not revoked and resentenced until two years after the term expired. *See id*. at 137. This Court held that the defendant's crimes that occurred after probation expired could not be used as violations and that the length of the delay of the revocation hearing was unreasonable. *See id*. at 138.

During the pendency of this appeal, the trial court entered an Administrative Order, purporting to clarify its position with respect to probation violations. *See* Administrative Order, 3/12/2021. This Order stated that while there is no specific written policy detailing the time frame for a probation revocation, in general they should occur before the end of the probationary period or within 60 days of the expiration of probation. *See id*. The Order notes that there may be exceptions to this policy based on the

length of the delay, the reasons for the delay, and the prejudice resulting to the defendant from the delay. *See id*.

We find that the revocation hearing was not held as speedily as possible, as required by the Rules of Criminal Procedure.

The Commonwealth has the burden of proof in a probation revocation proceeding and must prove their case by a preponderance of the evidence. *See Wright*, 116 A.3d at 136-137. We note that the Commonwealth's failure to participate in the revocation hearing deprived the trial court of its advocacy and most likely contributed to the issues we address on appeal.[1] Nevertheless, we will address each of the *Wright* factors in turn.

First, we examine the length of the delay. The revocation proceedings occurred approximately three and a half months after the probationary period expired on June 5, 2020. The probation officer cited technical violations as early as March 26, 2020, as the basis for his request to revoke Mosteller's probation. *See* N.T., 9/17/2020 at 11. The revocation and resentencing was a full six months after these early violations. The delay in *Wright* was much longer, however, so was Wright's probationary period. *See Wright* 116 A.3d

---

[1] In addition to failing to participate in the revocation proceedings, we note that Appellee, Commonwealth of Pennsylvania, by and through its attorney, Office of the District Attorney of Lycoming County, failed to file a brief as required pursuant to Pa.R.A.P. 2185, instead relying on the trial court's Pa.R.A.P. 1925(a) Opinion. While the Rules of Appellate Procedure provide no consequences for an appellee's failure to file a brief (for submitted cases), this Court did not have the benefit of Appellee's argument in consideration of this appeal.

at 135. This Court has found delays similar in length to the delay here to be too long. ***See Commonwealth v. McCain***, 467 A.2d 382, 396-397. (Pa. Super. 1983) (finding a revocation hearing held three months after the expiration of a four-year probation sentence and twelve months after a guilty plea to new charges to be an unreasonable delay). Additionally, if we consider the length of the delay (six months) compared to the length of the entire probationary sentence (twelve months), the delay here is large in comparison.

Next, we analyze the reasons for the delay. As explained above, the probation officer knew of the technical violations prior to the expiration of the probationary period as they were occurring. He chose not to seek revocation of Mosteller's probation, in an effort to establish a "rapport" with him. N.T., 9/17/2020 at 13. While we cannot fault the probation officer's motives, his change of heart after Mosteller's probation had ended does not constitute a valid reason for delaying the request for revocation.

The probation officer also gave a detailed accounting of his interactions with Mosteller in the three months following the expiration of probation. ***See id***. at 14-15. Again, he gives no direct reason why he waited to request a violation hearing. The court's own Administrative Order suggests that there is likely no reason to wait longer than 60 days for a violation hearing. ***See*** Administrative Order, 3/12/2021. Under the circumstances here, we cannot conclude that the record supports a finding that there was a good reason for delaying the revocation for three months after the probation had ended.

Finally, we evaluate any prejudice to Mosteller from the delay. We begin by noting that there is a presumption of prejudice when the revocation occurs after probation has ended. ***See Wright***, 116 A.3d at 139. The amount of prejudice varies with the length of the delay and can be overlooked if there is good cause for the delay. As noted above, however slight the prejudice Mosteller suffered by the three-month delay after his probation ended, it is not counterbalanced by any good reason for the delay.

Further, a defendant can suffer prejudice if the delay allows the court to consider circumstances that arose only after the probation sentence had expired when it imposes sentence pursuant to the revocation. ***See Wright***, 116 A.3d at 139. Here, Mosteller was prejudiced by the trial court's consideration of Mosteller's criminal transgressions that occurred after probation expired in fashioning the new sentence. ***See*** N.T. 9/17/2020 at 21. The trial court here stressed the need for a lengthy state prison sentence based on Mosteller's drug related issues. ***See id***. at 21-22. The delay specifically prejudiced Mosteller because these later instances would not have been included in a hearing for his technical violations which occurred during probation.

For these reasons, we vacate the judgment of sentence. As the issue of whether Mosteller could have been found in violation of his parole is not before us, we do not address that issue.

Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/05/2022</u>