J-S02025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RACHAEL LAY | : | |
| | : | |
| Appellant | : | No. 3125 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004646-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RACHAEL LAY | : | |
| | : | |
| Appellant | : | No. 3126 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004647-2012

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:               **FILED MARCH 20, 2025**

Rachael Lay ("Appellant") appeals from the Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following a Violation of Probation ("VOP") hearing. She contends the sentence is manifestly excessive. After careful review, we affirm.

In 2011, Appellant stole her father's guns and gave them to an individual in exchange for cocaine. On July 14, 2014, Appellant entered an open guilty

plea at Docket No. 4646-2012 to one count each of Theft Unlawful Taking-Movable Property ("Theft")[1] and Penalties – Sales to Ineligible Transferee ("Ineligible Transferee").[2] At docket number 4647-2012, she pled guilty to one count each of Theft Unlawful Taking – Movable Property, Firearms not to be Carried without a License,[3] Carry Firearms in Public in Philadelphia,[4] and Ineligible Transferee. The court deferred sentencing pending presentence investigation ("PSI") and mental health evaluations.

On January 21, 2015, the court sentenced Appellant at Docket No. 4646-2012, to 11½ to 23 months' incarceration for the Theft conviction and a concurrent term of 5 years' probation on the Ineligible Transferree conviction. That same day, the court sentenced Appellant at Docket No. 4647-2012 to concurrent terms of 5 years' probation for each of the convictions of Theft, Firearms not to be Carried without a License, Carry Firearms In Public in Philadelphia, and Ineligible Transferee. The court ordered the sentence imposed at Docket No. 4647 to run consecutive to the probationary term imposed at Docket No. 4646. The court granted credit for time served and ordered a Forensic Intensive Recovery ("FIR") evaluation.

_____

[1] 18 Pa.C.S. §3931(a).

[2] 18 Pa.C.S. § 6111(g)(2).

[3] 18 Pa.C.S. § 6106(a)(1).

[4] 18 Pa.C.S. § 6108.

Appellant continued to struggle with her drug addiction, leading her to homelessness and subsequent probation violations, with the court imposing new sentences of probation, rehabilitation, and incarceration, the details of which are immaterial to our disposition.

Relevant to the instant appeal, on March 28, 2023, the court ordered Alcohol and other drugs ("AOD") supervision with GPS monitoring. On May 16, 2023, the court issued a bench warrant as Appellant failed to appear and failed to comply with the conditions of probation. On August 1, 2023, following a hearing, the court revoked Appellant's probation and deferred sentencing pending a new presentence investigation and mental health evaluation.

On October 24, 2023, after reviewing Appellant's "long and torturous" history of drug abuse and the numerous efforts that the court and others extended to assist her in treating her drug addiction, the court sentenced Appellant at Docket No. 4646 to a term of 2 to 5 years' incarceration on the Theft conviction and no further penalty on the Ineligible Transferee conviction. At Docket No. 4647, the court sentenced Appellant to 2 to 5 years' incarceration on the Theft conviction and a concurrent term of one to 7 years' incarceration on the Ineligible Transferree conviction. The court imposed no further penalty on the firearms convictions and ordered the periods of confinement to run concurrent with one another, for an aggregate sentence of 2 to 7 years' incarceration. *See* N.T. VOP Hr'g, 10/24/23, at 38-42.

Appellant filed a timely post-sentence motion for reconsideration, asserting only that she wanted to present further mitigating evidence to the

court. On November 27, 2023, the court granted the motion in part and amended the sentence to include credit for time served.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

Did the trial court abuse its discretion by imposing a two to seven year aggregate sentence on a technical probation violation when such sentence is excessive and is not consistent with the gravity of [Appellant's] violation, the need for public protection, or her need for rehabilitation?

Appellant's Br. at 6-7.

When an appellant challenges a sentence imposed after the court has revoked probation, this Court "can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015). Appellant raises only a challenge to the discretionary aspects of her sentence.

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). To invoke this Court's jurisdiction, an appellant challenging the discretionary aspects of her sentence must demonstrate that she (1) filed a timely notice of appeal; (2) preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) provided a statement pursuant to Pa.R.A.P. 2119(f) in her brief; and (4) presented a substantial

question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.* at 1064. "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Com. v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).

Here, Appellant timely filed her notice of appeal and included a Rule 2119 Statement in her brief. However, our review of the certified record indicates that she did not assert that her sentence was manifestly excessive at sentencing or in her post-sentence motion. Accordingly, Appellant has not invoked our jurisdiction and, therefore, we may not address the issue she raises in this appeal.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2025