J-S44018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
   :
v.    :
   :
   :
KRISTEN MCCLOSKEY    :
   :
Appellant    :    No. 1554 EDA 2025

Appeal from the Judgment of Sentence Entered May 15, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001381-2023

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:            **FILED MARCH 26, 2026**

Appellant, Kristen McCloskey, appeals from the May 15, 2025 judgment of sentence entered in the Monroe County Court of Common Pleas following the revocation of her probation. Appellant argues that the violation of probation ("VOP") court abused its discretion when it sentenced her to 14 days to 24 months less a day of incarceration. After careful review, we vacate the judgment of sentence and remand for a new sentencing hearing.

On February 2, 2024, Appellant pled guilty to Retail Theft.[1] On April 17, 2024, the trial court sentenced Appellant to one year of probation. On April 9, 2025, the Commonwealth filed a petition alleging that Appellant had violated her probation. The Commonwealth alleged Appellant had missed

_____

[1] 18 Pa.C.S. § 3929(a)(1).

three office appointments and made a signed admission to the use of methamphetamines in June 2024.

On May 15, 2025, the court held a VOP hearing. The Commonwealth presented testimony from two probation officers: Officer Shannon McCracken and Officer Jennifer Dalton. Officer McCracken testified that in June 2024, Appellant admitted that she had used methamphetamine and that Appellant went to methadone treatment around the time of this admission. Officer Dalton confirmed that Appellant admitted in writing to methamphetamine use in June 2024. Officer McCracken also testified that Appellant had missed three office appointments in April 2024, January 2025, and March 2025. Officer McCracken did not talk to Appellant about her reason for missing the April 2025 appointment. Officer McCracken testified that Appellant missed the January 2025 appointment because Appellant said she had forgotten about it. Officer McCracken testified that Appellant missed the March 2025 appointment because Appellant had an issue with her car and asked to reschedule the appointment, but the probation officer declined the request.

Appellant testified that she had begun treatment for substance abuse after her June 2024 admission to methamphetamine use, was compliant with treatment, and had documentation that she had consistently tested negative for drug use. She testified that this substance abuse treatment was ongoing. Further, she explained that she had missed the three appointments, which required a two-hour drive from Philadelphia to Stroudsburg, due to transportation issues while she was experiencing homelessness.

At the conclusion of the hearing, the court revoked Appellant's probation and resentenced her to 14 days to 24 months less a day of incarceration. The court also ordered Appellant to undergo a comprehensive drug and alcohol evaluation and comply with all recommendations for treatment. This timely appeal followed.[2] Appellant and the VOP court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the VOP court imposed an illegal sentence because it either failed to make a finding on any circumstance that overcomes the presumption against incarceration outlined in 42 Pa.C.S.[] § 9771(c)(1) and otherwise did not have sufficient evidence to so find, particularly considering the lack of evidence that the Appellant could not be diverted from total confinement through less restrictive means?

2. Whether the VOP court imposed an illegal sentence and failed to follow the recidivist philosophy intended by the legislature's graduated sentencing sanctions in 42 Pa.C.S.[] § 9771(c)(2) when it stacked technical violations in Appellant's first probation violation hearing and resentenced Appellant under 42 Pa.C.S.[] § 9771(c)(2)(iii) instead of imposing the 14-day maximum period for a first technical violation hearing and allowing Appellant an opportunity to reform?

Appellant's Br. at 4.

Preliminarily, we acknowledge that "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015).

_____

[2] On May 21, 2025, Appellant filed an unopposed motion for parole, which the court granted on May 28, 2025.

"[A] claim that a court failed to follow the limitations imposed by [S]ection 9771(c) is a challenge to the legality of a sentence and thus not subject to issue preservation requirements." ***Commonwealth v. Seals***, __ A.3d __, 2025 WL 4234323 at *1 (Pa. Super. filed Feb. 17, 2026) (*en banc*).

Under Section 9771(c), the VOP court may impose a sentence of total confinement only if the Commonwealth "establishes one of the enumerated exceptions to the presumption against total confinement of technical probation violators[.]" ***Id.*** at *11. "In other words, without the fulfillment of statutory preconditions, [S]ection 9771(c) strips the sentencing court of its customary authority to exercise discretion in sentencing." ***Id.*** Relevant to this appeal, Subsection 9771(c)(1)(F) requires a finding that the technical violation "involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions **and** the defendant cannot be safely diverted from total confinement through less restrictive means." 42 Pa.C.S. § 9771(c)(1)(F) (emphasis added).[3]

In Appellant's first issue, she states that there was no evidence that Appellant could not be "safely diverted from total confinement by less restrictive means," a finding required by Section 9771(c)(1)(F). Appellant's Br. at 26-27. She argues that the evidence instead showed the opposite because Appellant had almost fully completed the term of her probation, "had

_____

[3] While the VOP court did not specify which provision of Subsection 9771(c)(1) applied to Appellant's technical violations at the hearing, its 1925(a) opinion quotes from 9771(c)(1)(F). VOP Ct. Op., 8/6/25, at 7.

been diverted from drug use a year before, and was at most experiencing some temporary transportation issues to appointments." ***Id.*** at 27-28.

Our review of the transcript of Appellant's sentencing hearing demonstrates that the VOP court made no finding on the record as to why Appellant could not be safely diverted from total confinement by less restrictive means. The court stated on the record only that:

> I'm not coming back here on a [] probation violation. I'm not playing -- this game is played once. [A]nd when I extend probation, I'm going to get the same argument from you and if she's non-compliant with probation, it makes it very difficult to hold her accountable without all of the hurdles that we have to jump through. When really what she needs is perhaps more intensive help at that point. Maybe not now, but at that point. I don't want to set her back, that's why I'm asking these questions. But there's gotta be some accountability. You don't get to pick and choose when you report to probation. You're either on supervision and it's your first priority or it's not.

N.T. Sent'g at 25-26.

In its 1925(a) opinion, the VOP court explained that it sentenced Appellant "based upon the numerous separate violations[.]" VOP Ct. Op. at 9. It appears, therefore, that the court imposed confinement because Appellant violated her probation conditions. However, Section 9771(c)(1)(F) also requires a finding that "the defendant cannot be safely diverted from total confinement through less restrictive means[,]" which is distinct from the finding of "an intentional and unexcused failure to adhere to recommended

programming or conditions[.]"  We are, thus, constrained to vacate the judgment of sentence and remand for a new sentencing hearing.[4]

Judgment of sentence vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2026

_____

[4] Given our disposition, we do not address Appellant's remaining issue.