J-S22006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC JOHN DOMMEL | : | |
| | : | |
| Appellant | : | No. 85 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 20, 2020
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0000519-2020,
CP-36-CR-0001229-2018, CP-36-CR-0003269-2012

BEFORE:   PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED: OCTOBER 29, 2021**

Eric John Dommel appeals from the judgments of sentence entered at three trial court docket numbers following the revocation of his probation and parole.[1] We affirm the revocation of Dommel's parole in 3269-2012 and 1229-2018 but vacate the revocation of probation and the sentences imposed in those docket two numbers. We affirm the judgment of sentence in 519-2020.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] At docket number 3269-2012, Dommel pled guilty to criminal trespass, simple assault, and related offenses. At docket number 1229-2018, he pled guilty to criminal conspiracy to deliver a controlled substance. At docket number 519-2020, Dommel pled guilty to possession of a controlled substance.

At docket number 3269-2012, Dommel pled guilty to criminal trespass and related offenses. Pertinent to this appeal, on January 22, 2020, Dommel's parole and probation were revoked, and he was sentenced to serve the balance of the maximum of his sentence, which was due to expire on November 23, 2020. On February 3, 2020, Dommel was granted parole. The court had further ordered Dommel to serve a consecutive two-year term of probation, which was due commence on November 23, 2020, and expire on November 23, 2022.

At docket number 1229-2018, Dommel pled guilty to criminal conspiracy to deliver a controlled substance. As with the case discussed above, on January 22, 2020, his parole and probation were revoked and the trial court sentenced Dommel to serve the balance of the maximum of his sentence, which was due to expire on October 15, 2020. However, Dommel was granted parole on February 3, 2020. The court had also sentenced Dommel to a consecutive two-year term of probation, which was due commence on October 15, 2020, and expire on October 15, 2022.

At docket number 519-2020, Dommel pled guilty to possession of a controlled substance. The trial court sentenced him to serve a one-year term of probation, concurrent to any other sentences. Dommel's probation began on December 11, 2019, and was due to expire on December 11, 2020.

On May 20, 2020, the Lancaster County Adult Probation and Parole Services filed a petition to issue a capias and bench warrant based upon Dommel's parole and probation violations. On September 1, 2020, while Dommel was on parole at docket numbers 3269-2012 and 1229-2018 and serving his term of probation at docket number 519-2020, the trial court revoked Dommel's parole and probation on these three cases. On November 9, 2020, following the completion of a presentence report, the trial court resentenced Dommel to serve an aggregate term of incarceration of two and one-half to five years.[2] Dommel filed a timely post-sentence motion, which the trial court denied on November 25, 2020. This timely appeal followed,[3] in which Dommel challenges the discretionary aspects of his sentence.

Initially, this panel issued a memorandum decision in this matter and subsequently granted reconsideration to evaluate the ramification of this Court's recent decision in *Commonwealth v. Simmons*, ____ A.3d ____, 2021 PA Super 166 (filed August 18, 2021) (*en banc*). It is apparent from the record that the revocations of probation at docket numbers 3269-2012 and 1129-

---

[2] Specifically, at docket number 3269-2012, Dommel was sentenced to an aggregate term of incarceration of two and one-half to five years. At docket number 1229-2018, the court sentenced imposed a concurrent prison sentence of one to three years. At docket number 512-2020, Dommel received a concurrent term of incarceration of one to three years.

[3] Although both parties indicate otherwise in their appellate briefs, the certified record before us reflects that Dommel filed three separate notices of appeal in compliance with *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). *See* Record at Docket Numbers 3, 45 and 83.

2018 were without statutory authority and the sentences imposed for those revocations were illegal pursuant to **Simmons**.

The question of whether a sentence is illegal is not subject to waiver and may be considered by this Court even if the appellant has not raised the issue. **See Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 889 (Pa. Super. 2019). A sentence imposed for an invalid revocation of probation is an illegal sentence. **See Simmons**, ____ A.3d at ____ (slip. op. at *3-4 and n.3).[4]

Pursuant to 42 Pa.C.S.A. § 9771(b) a court may revoke a defendant's term of probation only upon proof that the defendant violated a condition of the probation. **See Simmons**, ____ A.3d at ____ (slip. op. at *10-11). When a trial court orders that a sentence of probation is to be served consecutive to a term of imprisonment, the defendant's conduct while still on parole from the term of imprisonment cannot constitute a violation of probation because the conditions of probation do not take effect until the term of imprisonment has been fully served. **See Simmons**, ____ A.3d at ____ (slip. op. at *19-23, *27-28).

Instantly, the record reflects that Dommel was on parole from his sentence of incarceration and his sentence of probation at 3269-2012 was due

---

[4] We note that the revocation of Appellant's terms of probation were in accord with legal precedent at that time and our decision in **Simmons**, which overruled that precedent, was not filed until this case was on appeal. However, new judicial decisions that alter the law apply to cases on direct appeal. **See Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018).

to commence on November 23, 2020. As such, he was not serving the probation sentence at the time he committed the conduct on which the revocation was based. Consequently, although the court properly revoked Dommel's parole at 3269-2012, there could be no violation of conditions of probation and the revocation of probation and concomitant sentence must be vacated. **See Simmons**, ___ A.3d at ___ (slip. op. at *19-23, *27-30).

Similarly, at 1229-2018, the record reveals that Dommel was on parole from his sentence of incarceration and his sentence of probation was due to begin on October 15, 2020. Therefore, Dommel was not serving the sentence of probation when he committed the conduct that led to the revocation proceedings. Under these circumstances, the court correctly revoked his parole at 1229-2018. However, because Dommel was not serving his term of probation, there could be no violation of conditions of probation and the revocation of probation and attendant sentence must be vacated. **See Simmons**, ___ A.3d at ___ (slip. op. at *19-23, *27-30).

Concerning docket number 519-2020, Dommel was sentenced to serve a term of probation that began on December 11, 2019, and was due to expire on December 11, 2020. Consequently, the revocation of this probationary sentence and accompanying sentence does not run afoul of our decision in **Simmons** and is, therefore, legal. As a result, we will address Dommel's challenge to the discretionary aspects of his sentence only as it relates to docket number 519-2020.

Dommel argues that the term of incarceration imposed by the trial court for a technical violation of his probation was excessive. Dommel alleges that the trial court did not properly consider mitigating circumstances at the time it fashioned his sentence.

In an appeal from a sentence imposed after the court has revoked probation, we can review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). Further, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citation omitted).

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **See Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006).

Here, the first three requirements of the four-part test are met. Dommel brought an appropriate appeal, raised the issue in a post-sentence motion, and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We next determine whether he has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

In his Rule 2119(f) statement, Dommel argues that the trial court abused its discretion in imposing a sentence of confinement based upon his technical violations. **See** Appellant's Brief at 9-10. Dommel further contends that the court did not adequately consider his need for drug and alcohol rehabilitation. **See id** at 10.

We have held that the imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process. **See Commonwealth v. Crump**, 995 A.2d 1280, 1282

(Pa. Super. 2010). In addition, we have held that a substantial question exists where there is an allegation that the sentencing court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b), which includes a consideration of the defendant's rehabilitative needs. *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). Therefore, Dommel has presented substantial questions for our review. Accordingly, we will consider his discretionary aspects of sentencing challenge on appeal.

Regarding our review of a sentence imposed following the revocation of probation, we observe that, "[p]ursuant to 42 Pa.C.S.[A.] § 9771(b), when a defendant is found in violation of his probation, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." *Crump*, 995 A.2d at 1284 (citation omitted). When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S.A. §§ 9771(c) and 9721(b). *See Ferguson*, 893 A.2d at 737-739.

Pursuant to Section 9771(c), a court may sentence a defendant to total confinement after a revocation of probation if one of the following conditions exists:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

- 8 -

> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). Under Section 9721(b), the court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Here, the court concluded a sentence of total confinement was justified under Section 9771(c)(2) and (3):

> [The court] outlined [Dommel's] extensive criminal record, including his lengthy history of Probation/Parole Violations. [The court] clearly explained that [it] selected a sentence reflective of the fact that [Dommel] has proven that probation is an ineffective vehicle to accomplish rehabilitation and is an insufficient deterrent against further criminal behavior, and that incarceration was necessary to vindicate the authority of the court that was tarnished by [Dommel's] utter failure to comply with the various restorative opportunities afforded to him.

Trial Court Opinion, 3/11/21, at 8.

The record supports the trial court's conclusion that a sentence of total confinement was appropriate. Particularly, the record indicates that Dommel "has an extensive record consisting of … convictions on 21 dockets and now his 16th probation violation." N.T., 11/9/20, at 11. Further, the court stated that total confinement is warranted to vindicate the authority of the court. *See id*. at 12. Upon review, we discern no abuse of discretion as the court carefully considered Dommel's consistent and multiple violations and the necessity to vindicate the authority of the court when it imposed the prison

sentence following the revocation of parole and probation for technical violations. Accordingly, Dommel is entitled to no relief on this claim.

Dommel also argues that the trial court failed to consider his ongoing need for drug and alcohol rehabilitation. Dommel asserts that he was actively working on his recovery, had completed an inpatient program, and would benefit from a lesser period of incarceration that would permit him to be paroled to another treatment program in the community.

As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*. (citation omitted). In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted).

At the sentencing hearing, the trial court gave the following statement:

[Dommel has] been given every opportunity to address the substance abuse while in the community, and unfortunately he has been unable to do so successfully. At this point I do not doubt

- 10 -

[Dommel's] sincerity. I simply doubt his ability, inside the community, or outside in our community.

N.T., 11/9/20, at 13. In its written opinion, the trial court noted that it carefully considered Dommel's presentence report and that its primary focus was upon Dommel's rehabilitative needs. *See* Trial Court Opinion, 3/11/21, at 8. Further, the trial court reiterated that at the sentencing hearing it encouraged Dommel to participate in state drug treatment programs and made him eligible for drug and alcohol, educational, psychological, or vocational programs at his assigned state correctional institution. *See id*. The court emphasized that Dommel had been unsuccessfully discharged from two community treatment programs while on probation. *See id*., at 2. Dommel has not convinced us that the court erred in refusing to give him a third bite at the apple.

Moreover, the record reflects that at the time of Appellant's sentencing, the trial court had received and reviewed a detailed presentence report. N.T., 11/9/20, at 2, 12, 14. At the sentencing, the court also heard statements from Dommel, defense counsel, and Dommel's probation officer. We conclude that the trial court was fully apprised of and properly considered all relevant factors in fashioning Dommel's sentence of total confinement, including his rehabilitative needs. Also, because the trial court had been fully informed and relied upon the presentence report, we conclude that the trial court did not abuse its discretion in creating the instant sentence. *See Ventura*, 975 A.2d

at 1133. Therefore, Dommel's claim that the trial court failed to contemplate a relevant factor in imposing his sentence lacks merit.

In summary, at docket numbers 3269-2012 and 1229-2018, we affirm the revocations of parole and vacate the revocations of probation and the judgments of sentence imposed. We remand those cases with instructions to reinstate the previous probationary sentences. Regarding docket number 519-2020, having determined the sentence is legal and concluded that Dommel is not entitled to relief on his challenge to the discretionary aspects of his sentence, we affirm that judgment of sentence.

Judgment of sentence at 3269-2012 vacated and case remanded with instructions. Judgment of sentence at 1229-2018 vacated and case remanded with instructions. Judgment of sentence at 519-2020 affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2021