J-S47044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE THOMAS GUSTAFSON | : | |
| | : | |
| Appellant | : | No. 158 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 12, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003824-2019

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 6, 2024**

Shane Thomas Gustafson appeals from the amended December 12, 2022 judgment of sentence of 1½ to 3 years' imprisonment imposed following the revocation of his probation and re-sentencing for one count of corruption of minors.[1]  Appellant also received credit for time-served from August 23, 2022 to December 12, 2022 and was ordered to complete a sex offender evaluation and follow recommended treatment.  After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On August 3, 2020, Appellant entered a

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(i).

negotiated guilty plea to corruption of minors in connection with his solicitation of a minor female for sex. Appellant was subsequently sentenced to 3 years' probation in connection with this incident. On September 14, 2022, Appellant was found in violation of his probation and was sentenced to 13½ to 27 months' imprisonment to be served concurrently with his sentence imposed at CP-15-CR-0001741-2019.[2]

The trial court summarized the remaining procedural history of this case as follows:

> On September 26, 2022, [Appellant] filed a motion for reconsideration of his violation of probation sentence entered on September 14, 2022. In response, [the trial court] ordered a hearing to be scheduled for December 12, 2022 as well as ordered a pre-sentence investigation report on both dockets ("PSI"). A hearing was held on December 12, 2022 where [the trial court] denied Appellant's request and, upon the information provided via the PSI as well as testimony heard in court, vacated its September 14, 2022 sentence and re-sentenced Appellant to one and a half (1.5) to three (3) years of incarceration with credit for time served from August 23, 2022 until December 12, 2022. Appellant filed an additional motion for reconsideration on December 22, 2022, which [the trial court] denied without a hearing on December 27, 2022. Appellant filed a notice of appeal in this matter on January 11, 2023. An Order pursuant to Pa.R.A.P. 1925(a) was issued on January 19, 2023.

---

[2] The record reflects that on September 14, 2022, the trial court also revoked Appellant's parole at CP-15-CR-0001741-2019 for driving under the influence, 75 Pa.C.S.A. § 3802(b). Appellant was sentenced to serve the balance of the maximum term of 5 months and 26 days' imprisonment. Appellant did not appeal this sentence.

Trial court Rule 1925(a) opinion, 2/13/23 at 1 (citations, footnotes, extraneous capitalization, and some parentheticals omitted).

Appellant failed to file a Rule 1925(b) statement. On February 13, 2023, the Honorable Louis A. Mincarelli filed a Rule 1925(a) opinion finding all of Appellant's claims waived. *Id.* at 2-3. On February 16, 2023, Appellant filed a petition to file concise statement *nunc pro tunc*, which was denied by the trial court. Thereafter, on June 6, 2023, this Court remanded this case for Appellant to file a supplemental Rule 1925(b) statement and directed the trial court to file a supplemental Rule 1925(a) opinion. Appellant filed his timely concise statement on June 27, 2023, and the trial court filed a supplemental opinion on July 17, 2023.

Appellant raises the following issues for our review:

I. Did the trial court err and abuse its discretion by inappropriately relying on affidavits that were attached to Appellant's pre-sentence investigation report ("PSI"), specifically the following[:]

A. The allegations contained in the affidavits filed against Appellant in Maryland rather than the convictions or the facts of record regarding the convictions which served as the basis for violation of probation and revocation[?]

II. Did the trial court err and abuse its discretion when it failed to determine Appellant's prior record score and the offense gravity score of the underlying charge which was necessary to determine and consider the appropriate resentencing guidelines before imposition of sentence?

Appellant's brief at 5 (extraneous capitalization omitted).

Preliminarily, we note that "[i]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015) (citation omitted). A "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa.Super. 2014) (citation omitted), *appeal denied*, 109 A.3d 678 (Pa. 2015).

Appellant's first claim is that the trial court abused its discretion by considering an improper sentencing factor, namely, allegations of Appellant's inappropriate sexual contact with two minor females in Maryland that were detailed in affidavits attached to his PSI report. Appellant's brief at 24-42.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision."

- 4 -

*Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his sentencing claim in his December 22, 2022 post-sentence motion. Appellant has also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). *See* Appellant's brief at 19-23. Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d

- 5 -

932, 935 (Pa.Super. 2013) (citation omitted), **appeal denied**, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), **appeal denied**, 63 A.3d 774 (Pa. 2013).

This Court has recognized that an allegation that the trial court considered an improper sentencing factor presents a substantial question. **See Commonwealth v. Bowen**, 975 A.2d 1120, 1122 (Pa.Super. 2009). Accordingly, we proceed to address the merits of Appellant's sentencing claim.

As noted, Appellant contends that the sentencing court abused its discretion by relying on affidavits that were attached to the PSI that were "filed against [him] in Maryland, rather than the convictions or the facts of record regarding the convictions." Appellant's brief at 24. We disagree.

The record reflects that on January 5, 2022, Appellant was sentenced in Maryland to an aggregate term of 10 years' imprisonment, with 8½ years suspended, and 3 years' probation, imposed following his convictions for sex offense – third degree and sexual solicitation of a minor. **See** "Violation Hearing Report," 9/7/22 at 1-2. These charges stemmed from Appellant's sexual contact with a 12-year-old minor female and transfer of sexually explicit photographs to another minor female. **See** notes of testimony,

12/12/22 at 14-16. Attached to the PSI in this matter were affidavits of probable cause detailing the facts underlying each of these Maryland cases, as well as a list of the crimes for which Appellant was initially charged.

Appellant's assertion that the sentencing court cannot consider all the information contained within the PSI report, even if some of the conduct described is uncharged, is patently incorrect.

In *Commonwealth v. Goggins*, 748 A.2d 721 (Pa.Super. 2000), *appeal denied*, 759 A.2d 920 (Pa. 2000), a panel of this Court held that "essential and adequate elements of a PSI report" include, *inter alia*, "a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt, as well as "**a full description of any prior criminal record of the offender**[.]" *Id.* at 728 (emphasis added); *see also* Pa.R.Crim.P. 702(A)(3) (stating, "the pre-sentence investigation report shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the judge in determining sentence.").

A sentencing court is permitted consider the totality of information contained within PSI report for the purposes of fashioning a sentence, including criminal conduct for which defendant was not charged. In *Commonwealth v. P.L.S.*, 894 A.2d 120 (Pa.Super. 2006), *appeal denied*, 906 A.2d 542 (Pa. 2006), this Court observed that prior uncharged criminal conduct can be considered for sentencing purposes under certain limited

circumstances. *Id.* at 128. "[T]he fact that a defendant is guilty of prior criminal conduct for which he escaped prosecution has long been an acceptable sentencing consideration." *Id.* at 130. The *P.L.S.* Court cautioned that "this type of conduct can be used as a sentencing factor only under tightly-prescribed circumstances when there is evidentiary proof linking the defendant to the conduct[,]" *id.*, as is clearly the case here given Appellant's convictions to some of the offenses listed.

When the trial court has the benefit of a PSI report, "we shall … presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Based on the foregoing, we find that Appellant's discretionary sentencing claim must fail.

Appellant next argues that the trial court abused its discretion in failing to determine Appellant's prior record score and his offense gravity score prior to imposing his probation revocation sentence, in accordance with the Resentencing Guidelines, 204 Pa. Code. § 307.1, *et seq*. Appellant's brief at 43. We disagree.

Section 307.2 of the Resentencing Guidelines provides, in pertinent part, that the "Guidelines shall apply to revocations of probation for all offenses committed on or after January 1, 2020. Amendments to the Resentencing

Guidelines shall apply to revocations of probation for all offenses committed on or after the effective date of the amendment." 204 Pa. Code § 307.2(b). Amendment 1 became effective January 1, 2021. *Id.* § 307.2(b)(2).

Upon review, we agree with the trial court that the Resentencing Guidelines were inapplicable to this matter. *See* trial court supplemental opinion, 6/17/23 at 3-4. At the time of Appellant's revocation hearing on December 12, 2022, the first amendment to the Resentencing Guidelines had taken effect. However, Appellant committed the offenses in question on March 20, 2019, prior to the effective date. Accordingly, Appellant's second claim of trial court error must fail.[3]

For all the foregoing reasons, we affirm the December 12, 2022 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/06/2024

---

[3] Alternatively, we note our agreement with the trial court that it properly set forth on the record its reasoning for deviating from the Guidelines at the time it imposed Appellant's sentence. *See* notes of testimony, 12/12/22 at 29-32.