J-S05037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH WALSH | : | |
| | : | |
| Appellant | : | No. 1274 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002638-2021

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED FEBRUARY 21, 2025**

Joseph Walsh appeals from the April 4, 2024 judgment of sentence of one to two years' imprisonment imposed following the revocation of his probation and re-sentencing for one count of robbery.[1] After careful review, we affirm the judgment of sentence.

The underlying factual history of this case is not relevant to our disposition and need not be reiterated here. The trial court summarized the procedural history of this case as follows:

> On February 18, 2021, Appellant was arrested and charged with robbery – threat imm[ediate] ser injury, graded as a first-degree felony, criminal attempt – theft by unlaw[ful] taking – movable prop[erty],

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1).

graded as a first-degree misdemeanor, terroristic threats w[ith] int[ent] to terrorize another, graded as a first-degree misdemeanor, simple assault, graded as a second-degree misdemeanor, [and] recklessly endangering another person, graded as a second-degree misdemeanor.

On August 26, 2021, Appellant entered into a negotiated guilty plea and pled guilty to one count of robbery – threat imm[ediate] ser injury, graded as a first-degree felony. Judge Rayford A. Means sentenced Appellant to eleven and a half to twenty three months of incarceration followed by two years of probation.

Appellant was released from custody on January 17, 2023. On October 17, 2023, a bench warrant was issued for Appellant for absconding probation. Appellant was returned to Philadelphia supervision via the warrant on October 25, 2023. A [***Gagnon II***] hearing was held on November 1, 2023, where the Appellant's detainer was lifted. On November 15, 2023, [Appellant] failed to appear at the violation of probation hearing, subsequently, wanted cards were issued. That same evening Appellant committed an offense in Bucks County and was subsequently charged criminal trespass – defiant trespasser, graded as a third-degree misdemeanor.

A bench warrant for the direct violation was issued on December 1, 2023. On December 4, 2023, Appellant was transferred from custody in Bucks County, Pennsylvania to Philadelphia County, Pennsylvania. A detainer was issued, and a motion to lift the detainer was denied on December 15, 2023.

On February 15, 2024, [Appellant] plead guilty to one count of criminal trespass – defiant trespasser, graded as a third-degree misdemeanor, in Bucks County, Pennsylvania. The Bucks County court sentenced Appellant to six months of probation.

Due to the new conviction, Appellant was found in direct violation of his probation. Appellant's probation

- 2 -

> was revoked, and he was resentenced on April 4, 2024, by this Court to one to two years of incarceration.
>
> Appellant filed a post-sentence motion to reconsider the sentence on April 15, 2024. [Appellant] then filed a notice of appeal to the Superior Court on May 3, 2024. On May 9, 2024, a 1925(b) order was issued. This Court denied [Appellant's] motion to reconsider the sentence on May 9, 2024.

Trial court opinion, 7/2/24 at 2-3 (footnotes and extraneous capillarization omitted).[2]

On May 28, 2024, Appellant filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Thereafter, on July 2, 2024, the Honorable Natasha Taylor-Smith filed a Rule 1925(a) opinion.

Appellant raises the following issue for our review:

[I.] Did the [trial] court abuse its discretion by failing to give proper consideration to [Appellant's] personal needs and mitigating factors, and as a result is the sentence contrary to the fundamental norms underlying the sentencing process and manifestly unreasonable and excessive?

Appellant's brief at 3.

Preliminarily, we note that "[i]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the

_____

[2] The trial court opinion does not contain pagination. For the ease of our discussion we have assigned each page a corresponding number.

revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015) (citation omitted). A "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa.Super. 2014) (citation omitted), *appeal denied*, 109 A.3d 678 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Here, Appellant argues that his probation revocation sentence was excessive and unreasonable and that the trial court abused its discretion by failing to consider various mitigating factors, including his "substance abuse problems and recovery," the fact that he was fully employed with a stabile living situation, and his "rehabilitative needs." Appellant's brief at 3, 10-14.

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging

the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his sentencing claim in his April 15, 2024 post-sentence motion. Appellant has also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). **See** Appellant's brief at 6-8. Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 63 A.3d 774 (Pa. 2013).

"This Court repeatedly has held that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa.Super. 2021) (citations omitted). In ***Commonwealth v. Caldwell***, 117 A.3d 763 (Pa.Super. 2015), ***appeal denied***, 126 A.3d 1282 (Pa. 2015), a panel of this Court reiterated that, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." ***Id.*** at 769. Likewise, in ***Commonwealth v. Cannon***, 954 A.2d 1222 (Pa.Super. 2008), ***appeal denied***, 964 A.2d 893 (Pa. 2009), we held that a claim that the trial court failed to consider, ***inter alia***, the defendant's rehabilitative needs and age did not present a substantial question for review. ***Id.*** at 1228-1229.

Based on the foregoing, we find that Appellant's argument fails to raise a substantial question, and, therefore, he has not preserved his challenge to the discretionary aspects of sentencing.

Alternatively, even if Appellant had raised a substantial question for this Court's consideration, we would find no abuse of discretion. The record belies Appellant's claim that the trial court failed to thoroughly consider and weigh his drug addiction, recovery, and rehabilitative needs in resentencing Appellant to a term of 1 to 2 years' imprisonment. As the trial court properly

noted in its Rule 1925(a) opinion, it considered, *inter alia*, Appellant's prior criminal history and drug addiction; the various treatment and recovery programs that he has attended; Appellant's employment history, personal relationships, and living conditions; and his prior violation history, in fashioning his sentence. *See* trial court opinion, 7/2/24 at 4, 6-7. The record further reflects that the trial court was in possession of a presentence investigation ("PSI") report and considered its findings. *Id.* at 5. Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014).

Accordingly, for all the foregoing reasons, we affirm the April 4, 2024 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/21/2025